IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC. and<br>ACUITY BRANDS LIGHTING, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>COOPER INDUSTRIES, INC. and<br>COOPER LIGHTING, INC.,<br><br>        Defendants. | )<br>)<br>)   C.A. No. 07-444-***<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF**
**MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS, LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: September 13, 2007

Philip A. Rovner (# 3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*Cooper Industries, Inc. and*
*Cooper Lighting, Inc.*

## **TABLE OF CONTENTS**

I.    Introduction......................................................................................................................1

II.   Nature And Stage Of The Proceedings ............................................................................2

III.  Summary Of Argument.....................................................................................................2

IV.   Statement Of Facts............................................................................................................3

     A.   Plaintiffs And Their Patents Are Centered In Northern Georgia............................3

     B.   Defendant Cooper Lighting And Its Accused Products Are Centered In Northern Georgia. ....................................................................................................4

     C.   Third-Party Witnesses Are Located In Northern Georgia. .....................................5

     D.   The Evidence Is Located In Georgia. .....................................................................6

     E.   The Northern District of Georgia Is Plaintiffs' Typical Forum Of Choice. ............6

     F.   The Northern District Of Georgia Is Well Suited To Handle This Matter. .............6

V.    Argument ...........................................................................................................................7

     A.   Venue is Proper in the Northern District of Georgia. .............................................7

     B.   The Balance of Convenience and Interests of Justice Strongly Favor Transfer. ..................................................................................................................8

          1.   Private Interests Strongly Favor Transfer. ..................................................10

          2.   Public Interests Strongly Favor Transfer. ...................................................12

VI.   Conclusion .......................................................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*3Com Corp. v. D-Link Sys., Inc.*,
  C.A. No. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 1999) ................................ 9, 10

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998) ............................................................ 8, 9, 10, 11, 12

*Alloc, Inc. v. Unilin Décor*,
  C.A. No. 03-253-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006) ............................... 9

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
  295 F. Supp. 2d 393 (D. Del. 2002) ........................................................................... 9

*Continental Cas. Co. v. American Home Assur. Co.*,
  61 F. Supp. 2d 128 (D. Del. 1999) ............................................................................ 10

*Dearth v. Gonzales*,
  No. 2:06-cv-1012, 2007 WL 1100426 (S.D. Ohio April 10, 2007) .............................. 8

*Derry Fin. N.V. v. Christiana Cos.*,
  555 F. Supp. 1043 (D. Del. 1983) .............................................................................. 10

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ............................................................................ 7, 8, 10, 12

*Motorola, Inc. v. PC-Tel, Inc.*,
  58 F. Supp. 2d 349 (D. Del. 1999) ............................................................................ 10

*Pennwalt Corp. v. Purex Indus., Inc.*,
  659 F. Supp. 287 (D. Del. 1986) ................................................................................ 11

*Solomon v. Cont'l Am. Airlines*,
  472 F.2d 1043 (3d Cir. 1973) ..................................................................................... 13

*Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Metals, Inc.*,
  C.A. No. 05-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) ............................... 8

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) .................................................................................................. 7

*Weisler v. Burrows*,
  C.A. No. 06-362-GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) .............................. 9

**STATUTES**

28 U.S.C. § 1400 ........................................................................................................................ 7

28 U.S.C. § 1404(a) ........................................................................................... 2, 3, 7, 10, 13, 14

I.  **<u>Introduction</u>**

This case belongs in the Northern District of Georgia. Both plaintiffs are located in the Atlanta area, and the only appropriate defendant is located in the Atlanta area as well. Not only are the parties based in northern Georgia, the patented technology appears to have been developed there largely by northern Georgia inventors, and the accused product is manufactured just hours away in Americus, Georgia. Third-party witnesses, including the only known witness that can testify about a key piece of prior art never disclosed to the Patent Office, are located in northern Georgia, as are virtually all of the documents and evidence in this case. Plaintiffs themselves regularly choose to litigate in Atlanta, including the last time they brought a patent suit against the same opponent, which they filed in the Northern District of Georgia.

Aside from the parties being incorporated here, this case has no meaningful connection to Delaware. None of the parties have pertinent operations or employees in Delaware, and neither the patented technology, nor the accused product was developed here. There are, to defendants' knowledge, no third-party witnesses in Delaware, nor are any documents or evidence located here.

Thus, the private interests in this case strongly favor transfer because the Northern District of Georgia is plainly a more convenient forum for this action. Transferring the case to the Northern District of Georgia will not merely shift convenience from one party to the other, it will result in an increase in convenience for both parties (as well as the third-party witnesses), who will all be able to litigate in their hometown.

The public interests also favor transfer. Litigating this case in Atlanta would not only be easier and more cost effective, the Northern District of Georgia has a more significant interest in the outcome of this controversy between two Atlanta area businesses. Furthermore, there will be

no delay as a result of the transfer. The Northern District of Georgia's docket is comparably speedy to the District of Delaware's, and it has adopted a detailed set of patent-specific local rules designed to expeditiously address the issues that arise in patent cases.

For all of these reasons and as set forth below, defendants respectfully request that this case be transferred to the Northern District of Georgia.

## II.   Nature And Stage Of The Proceedings

This is a patent infringement case in its initial stage. On July 17, 2007, plaintiffs Acuity Brands, Inc. ("Acuity Brands") and Acuity Brands Lighting, Inc. ("Acuity Lighting") filed this action (D.I. 1) against Cooper Lighting, Inc. ("Cooper Lighting") and Cooper Industries, Inc. Plaintiffs allege that Cooper Lighting's fluorescent light fixture models that are sold under the name *"accord™"* infringe United States Patents Nos. 7,229,192; D541,468; D544,633; D544,634; D544,992; D544,993; D545,481; D545,482; D545,483; D545,991; D545,992; D545,993. Defendants have denied these allegations in their answer filed herewith. This is defendants' opening brief in support of their motion to transfer the case to the Northern District of Georgia, which is the most convenient forum for the parties.

## III.   Summary Of Argument

1.  Under 28 U.S.C. § 1404(a), the court may transfer a case to any other district "where it might have been brought" where doing so will serve "the convenience of parties and witnesses, in the interest of justice."

2.  This case "might have been brought" in the Northern District of Georgia because the only properly-named defendant (Cooper Lighting) is headquartered there and the activities accused of infringement are centered there.

2

3. All of the §1404(a) factors weigh in favor of transfer to the Northern District of Georgia for "the convenience of the parties, in the interest of justice."

4. The private interests strongly favor transfer because the Northern District of Georgia would be more convenient for all of the parties, as well as third-party witnesses, and virtually all of the evidence is located there.

5. The public interests also favor transfer because the Northern District of Georgia has a more significant interest in this litigation and its docket is comparable, if not faster, than this District.

## IV. Statement Of Facts

### A. Plaintiffs And Their Patents Are Centered In Northern Georgia.

As set forth in its complaint, plaintiff Acuity Brands is located at 1170 Peachtree Street, NE, Suite 2400, Atlanta, Georgia 30309. *See* Compl. at ¶ 1. Its subsidiary, Acuity Lighting, which manufactures, markets and sells lighting fixtures and equipment, is located in the suburbs of Atlanta at One Lithonia Way, Conyers, Georgia, 30012. *See id.* at ¶ 2. Acuity Lighting has research and development, manufacturing, and distribution facilities in Georgia. *See* Declaration of Kevin C. May ("May Dec.") at ¶¶ 2-3, Ex. A-B thereto. On information and belief, Acuity Lighting has no such facilities in Delaware, and has no employees involved in the design, development, or manufacturing of lighting fixtures in Delaware. *See id.*

The complaint asserts twelve patents with a total of six different named inventors. *See* Compl. at ¶¶ 8-19. Four of the named inventors are identified in the patents as residing in the Atlanta, Georgia area. *See id.*, Ex. A-L thereto. The other two are identified as residing in Colorado. *See id.* On information and belief, the primary work associated with these patents

3

occurred in Acuity Lighting's Conyers, Georgia headquarters. *See id.*; May Dec. at ¶¶ 2-3, Ex. A-B thereto.

### B. Defendant Cooper Lighting And Its Accused Products Are Centered In Northern Georgia.

Defendant Cooper Lighting, Inc. ("Cooper Lighting") is a leading provider of innovative, high quality lighting fixtures and related products headquartered in the Atlanta suburbs at 1121 Highway 74 South, Peachtree City, Georgia 30269. *See* Declaration of Keith D. Hall ("Hall Dec.") at ¶¶ 1-2. Cooper Lighting runs its corporate, administrative, marketing, sales, customer service and new product development operations out of its Peachtree City, Georgia headquarters. *See id.* at ¶ 2. In addition to its Peachtree City facility, Cooper Lighting also has a manufacturing facility in Americus, Georgia. *See id.* Cooper Lighting has no facilities or operations in Delaware. *See id.*

The other named defendant, Cooper Industries, Inc., solely exists as a placeholder for the name "Cooper Industries, Inc." in Delaware. *See* Declaration of Barbara A. Widra ("Widra Dec.") at ¶ 2. It has no assets and no operations, and has not had any since its formation in 1965. *See id.* It does not "make, use, sell, and/or offer for sale" anything, let alone does it do so with the product accused of infringement. *See id.* at ¶¶ 2-3. Cooper Lighting is the entity that conducts all of the activities allegedly at issue in this proceeding; Cooper Industries, Inc. is misjoined as a defendant. *See id.* at ¶ 3. .

Cooper Lighting's accused products, the fluorescent light fixture models that are sold under the name "*accord*™," are manufactured at Cooper Lighting's manufacturing facility in Americus, Georgia. *See* Hall Dec. at ¶ 3. All of Cooper Lighting's employees most knowledgeable about the design, manufacture, marketing and sale of the accused product are

4

located at the Peachtree City headquarters or the Americus manufacturing facility. *See id.* at ¶ 4. Cooper Lighting has no employees in Delaware. *See* id. at ¶ 2.

### C.   Third-Party Witnesses Are Located In Northern Georgia.

Various third-party witnesses are located in the Atlanta area. By way of background, a key piece of prior art, which was not disclosed to the Patent Office during prosecution of the patents-in-suit, is a lighting fixture previously manufactured by Flexillume Canada Ltd. *See* Hall Dec. at ¶ 5. The Flexillume lighting fixture, pictured in the February 1986 drawings attached as Exhibit A to the Hall Dec., contained critical features claimed in some or all of the patents-in-suit, including "obtuse angle" end faces and a lens positioned "such that substantially all of the light emitted by the light source passes through the lens." *See id.* Cooper Lighting is only aware of one former Flexillume employee that is knowledgeable about the lighting fixture in question and could testify about these drawings. *See id.* His name is Richard Gloster and he resides in the Atlanta suburb of Fayetteville, Georgia. *See id.* Given his first hand knowledge of the Flexillume prior art, Mr. Gloster is likely to be an important witness in this case. *See id.*

Another Atlanta-area resident that is likely to be a witness in this case is Jamey Vaughn, who resides in the Atlanta suburb of Senoia, Georgia. *See* Hall Dec. at ¶ 6. Mr. Vaughn was previously employed by Cooper Lighting and was the managing engineer in charge of the *"accord™"* products prior to leaving the company. *See id.* As a result of his first hand knowledge of the engineering associated with the accused product, Mr. Vaughn is likely to be an important witness in this case. *See id.*

Additionally, the twelve patents at issue in this case were prosecuted by the Atlanta office of Needle & Rosenberg P.C. *See* Compl., Ex. A-L thereto; May Dec. at ¶ 4, Ex. C thereto. Specifically, the attorney responsible for the prosecution of these patents was Kean J. DeCarlo,

5

who resides in the Atlanta area. *See id.* Mr. DeCarlo is likely to be an important witness in this case. *See id.*

To the best of Cooper Lighting's knowledge, no third-party witnesses are located in Delaware. *See* Hall Dec. at ¶ 6.

### D.   The Evidence Is Located In Georgia.

In addition to the parties, their employees, and the third-party witnesses, the evidence in this case is located in Georgia. Cooper Lighting's documents are located at its Peachtree City, Georgia headquarters and its Americus, Georgia manufacturing facility. *See* Hall Dec. at ¶ 4. No such evidence is located in Delaware. *See id.* On information and belief, plaintiffs' documents are likely located at the Conyers, Georgia headquarters of Acuity Lighting and the Atlanta, Georgia headquarters of Acuity Brands. *See* Compl. at ¶¶ 1-2; May Dec. at ¶¶ 2-3, Ex. A-B thereto.

### E.   The Northern District of Georgia Is Plaintiffs' Typical Forum Of Choice.

When Acuity Brands or Lighting chooses a forum for litigation, they typically choose their home forum of Atlanta, including for patent litigation. *See* May Dec. at ¶ 5, Ex. D thereto. Since 2001, the Acuity entities have brought at least three lawsuits in the Northern District of Georgia. *See id.* The Acuity entities' Northern District of Georgia lawsuits include at least two patent cases and one against Cooper Lighting. *See id.* Based on a review of PACER dockets, Acuity has never before brought suit in the District of Delaware. *See id.* at ¶ 6.

### F.   The Northern District Of Georgia Is Well Suited To Handle This Matter.

According to Federal Court Management Statistics for 2006, the Northern District of Georgia and the District of Delaware have comparably fast dockets, and in some respects, the Northern District of Georgia is faster. *See* May Dec. at ¶ 7, Exhibit E thereto. In 2006, the

6

median time for civil cases to proceed from filing to termination was 15.4 months in the District of Delaware versus 9.1 months in the Northern District of Georgia. *See id.* Additionally, the Northern District of Georgia has adopted a special set of procedural rules for patent cases. *See id.* at ¶ 8, Ex. F thereto. These rules provide that the critical disclosures in a patent case – including infringement, validity and *Markman* claim construction contentions – are addressed on a prompt and orderly timetable. *See id.* These rules make the Northern District of Georgia well suited for handling this case in an efficient manner.

## V.   Argument

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) is designed "to avoid the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted). As set forth below, this Court should transfer this action because (1) venue is proper in the Northern District of Georgia, and (2) "the litigation would more conveniently proceed and the interests of justice be better served by transfer" to the Northern District of Georgia. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

### A.   Venue is Proper in the Northern District of Georgia.

As a threshold matter, this case may only be transferred to a district where the action could have been brought. 28 U.S.C. § 1404(a). Any civil action for patent infringement may be brought in the judicial district "where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." *See* 28 U.S.C. § 1400. Both apply to Cooper Lighting, the only properly-named defendant in this case

(Cooper Industries, Inc. being a mis-joined nameholder entity only).[1] Cooper Lighting is headquartered in Peachtree City, Georgia and the activities accused of infringement are centered there. Venue is plainly proper in the Northern District of Georgia.

### B. The Balance of Convenience and Interests of Justice Strongly Favor Transfer.

The next step in the analysis is examination of "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (quotation omitted). These factors fall into two groups: those relating to the private convenience of the litigants and those affecting the public interest in the fair and efficient administration of justice. *Id.* at 879-80. All of the pertinent private and public interest factors weigh heavily in favor of transfer to the Northern District of Georgia.

Before weighing the relevant factors, it should be noted that a plaintiff's choice of forum is, in the first instance, entitled to some measure of deference. *See Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Metals, Inc.*, C.A. No. 05-852-SLR, 2005 WL 735880 at *2 (D. Del. Mar. 30, 2005). Such deference, however, is overcome where, as here, the private and public interest factors strongly favor transfer. *See id.* (finding the balance of the private and public interest factors outweighed the plaintiff's choice of forum); *see also Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 198 (D. Del. 1998) (noting that while a plaintiff's choice of forum deserves a certain respect, it "does not automatically prevent the 'balance of convenience' from ultimately tipping strongly in favor of the defendant").

---

[1] The Court, of course, has broad discretion under Fed.R.Civ.P. 21 to drop mis-joined parties, including "to facilitate transfer to another venue." *See, e.g., Dearth v. Gonzales*, No. 2:06-cv-1012, 2007 WL 1100426 at *3 (S.D. Ohio April 10, 2007) (citation omitted); *see also* 4 J. Moore, *et al.*, Moore's Federal Practice § 21.02[1] (3d ed. 2006).

8

As the *Affymetrix* court explained, it is relatively "easy to show that the 'balance of convenience' weighs strongly in favor of transfer" when "there are arguably fewer connections between [the chosen] forum and the subject matter of the . . . lawsuits." *Id.* at 199. The only connection this dispute has to Delaware is the fact of the parties' incorporation here. It is well-settled, however, that "[w]here an alternative forum is more convenient and has more substantial connection with the litigation, incorporation in Delaware will not prevent transfer." *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (quotation omitted); *see also Weisler v. Burrows*, C.A. No. 06-362-GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) (granting defendants' motion to transfer, in part because "the only connection [the plaintiff] points to [is] the fact that [the defendant corporation] is incorporated in Delaware"); *Alloc, Inc. v. Unilin Décor*, C.A. No. 03-253-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006) (granting defendant's motion to transfer, in part because although certain parties are "incorporated in Delaware, and should reasonably expect to litigate in this forum, there is little connection between Delaware and this action or the parties").

In terms of analyzing the convenience factors, this case is nearly identical to *3Com Corp. v. D-Link Sys., Inc.*, C.A. No. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 1999). Despite the fact of the plaintiff's incorporation in Delaware, and the sale of the defendant's products in this State, the court held that transfer was required in *3Com* because: (1) both parties were headquartered in California; (2) neither party maintained a facility, property, or personnel in Delaware; (3) neither party had any books, records, or other documents in Delaware; (4) none of the acts related to the development of the accused products occurred in Delaware; and (5) none of the anticipated third-party witnesses, including the prosecuting attorney, witnesses involved in the development of the accused products, and witnesses knowledgeable about the prior art, were

9

subject to compulsory process in Delaware. *See id.* at *1-*2. Discussing these facts, and their relationship to the private and public interest factors outlined below, the *3Com* court held that transfer was required. *See id.* The present case should be transferred as well.

### 1. **Private Interests Strongly Favor Transfer.**

The private factors to be considered in analyzing a motion to transfer are (1) the convenience of the parties, (2) the convenience of the witnesses and (3) the location of books and records. *See* 28 U.S.C. § 1404(a); *see also Affymetrix*, 28 F. Supp. 2d at 201-02.[2] As demonstrated below, all of these factors weigh in favor of transferring this case to the Northern District of Georgia.

The Northern District of Georgia would plainly be much more convenient for the parties. All of the appropriate parties to this case reside in the Northern District of Georgia (defendant Cooper Industries, Inc. having been improperly named), and it is believed that all the party-employees who will be involved in this litigation are located in Georgia. *See* Compl. at ¶¶ 1-2; Hall Dec. at ¶¶ 2-4; Widra Dec. at ¶¶ 2-3. This is not a case where transfer would merely shift convenience from one party to the other. Rather, a transfer to the Northern District of Georgia would result in an overall increase in convenience for everyone involved. *See Derry Fin. N.V. v. Christiana Cos.*, 555 F. Supp. 1043, 1046 (D. Del. 1983) (recognizing transfer is favored when transferring the case will alleviate the burden on both parties, instead of shifting the inconvenience from one party to another); *Affymetrix*, 28 F. Supp. 2d at 202 (same).

---

[2] The *Jumara* Court also identified (1) plaintiff's initial choice of forum, (2) the defendant's preference, and (3) whether the claim arose elsewhere as private interest factors. *See* 55 F.3d at 879. This Court, however, has recognized that these factors are considered in other parts of the analysis and do not receive further consideration in the balance of convenience. *Affymetrix*, 28 F. Supp. 2d at 197; *Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 357 n.10 (D. Del. 1999); *Continental Cas. Co. v. American Home Assur. Co.*, 61 F. Supp. 2d 128, 131 n.7 (D. Del. 1999).

Plaintiffs themselves have previously recognized the convenience of litigating in the Northern District of Georgia. As set forth above, Atlanta courts have typically been the Acuity entities' forum of choice. *See* May Dec. at ¶ 5, Ex. D thereto. Indeed, the last time plaintiffs brought a patent lawsuit against Cooper Lighting, they correctly recognized the convenience of litigating in the hometown of both parties and filed suit in the Northern District of Georgia. *See id.*

The convenience of the witnesses also favors transfer. A number of likely third-party witnesses in this case reside in the Northern District of Georgia. For example, Atlanta-area resident Richard Gloster is the only known witness who can testify about the Flexillume product from the 1980s, a prior art product never disclosed to the PTO during prosecution of any of the patents-in-suit. *See* Hall Dec. at ¶ 5. Jamey Vaughn, a former Cooper Lighting employee who managed the engineering associated with the accused products before leaving the company, also resides outside Atlanta. *See id.* at ¶ 6. Finally, the Acuity patents were prosecuted by Atlanta area resident Kean J. DeCarlo of Needle & Rosenberg, P.C. *See* May Dec. at ¶ 4, Ex. C thereto. These witnesses are subject to the subpoena power of the Northern District of Georgia, but cannot be subpoenaed to testify in Delaware. Their presence within the subpoena power of the Northern District of Georgia is a factor that strongly favors transfer. *See Affymetrix*, 28 F. Supp. 2d at 203 ("[T]he location of potential witnesses, and, thus, their ability to be subject to compulsory process has weighed heavily in the 'balance of convenience' analysis.") (citations omitted); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 291 (D. Del. 1986) ("It is desirable to hold trial at a place where the personal attendance of witnesses through the use of subpoena power can be reasonably assured.").

Finally, essentially all Cooper Lighting's documents related to the accused "*accord*™" light fixtures are located at its facilities in Peachtree City and Americus, Georgia. *See* Hall Dec. at ¶ 4. Given that the Acuity entities are both headquartered in the Atlanta area (Conyers and Atlanta itself), it is believed that plaintiffs' documents are located in Georgia as well. *See* Compl. at ¶¶ 1-2; May Dec. at ¶¶ 2-3, Ex. A-B thereto. Although today's modern technology allows for the easy exchange of electronic discovery, the location of records and other documents is still a relevant factor in the transfer analysis. *See Affymetrix*, 28 F. Supp. 2d at 205 (noting that despite the advent of modern technology, the location of records and other documents in another jurisdiction is still relevant to the transfer analysis).

In short, the private interests at play in the transfer calculus weigh unanimously, and heavily, in favor of transferring this case to the Northern District of Georgia.

### 2. **Public Interests Strongly Favor Transfer.**

The public interest factors most relevant to this case are (1) practical considerations that make the trial easy, expeditious, or inexpensive; (2) the local interest in deciding local controversies at home; (3) the administrative difficulty in the two fora resulting from court congestion; and (4) the public policies of the fora. *See Jumara*, 55 F.3d at 879-80; *see also Affymetrix*, 28 F. Supp. 2d at 205 ("[D]epending on the circumstances of the case, some of the 'public interests' listed in *Jumara* may play no role in the 'balance of convenience.'").

Most relevant to the Court's inquiry is whether there are practical considerations that would make trial "easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. As discussed above, this dispute is centered in Georgia: the parties are headquartered there, primary fact witnesses reside there, and the parties' records and other documents are located there.

Accordingly, litigating in the Northern District of Georgia is easier, more expeditious, and inexpensive for both parties.

The Northern District of Georgia also has a significantly greater interest in the outcome of this litigation because Acuity and Cooper Lighting's businesses are headquartered there, and it is believed that the Atlanta, Georgia area is where the patents-in-suit were largely developed. The Northern District of Georgia should, therefore, be given the opportunity to resolve a dispute of local interest between two local businesses.

A third important public factor is the relative congestion of the courts' dockets. *See Solomon v. Cont'l Am. Airlines*, 472 F.2d 1043, 1047 (3d Cir. 1973). If the receiving court has a less-congested docket, transfer under §1404(a) is favored. As set forth above, the Northern District of Georgia's docket is comparable if not faster than the District of Delaware's. *See* May Dec. at ¶ 7, Ex. E thereto; *see also Solomon*, 472 F.2d at 1047 (allowing use of these statistics to determine whether a transfer would serve the interests of justice). Administrative concerns thus counsel in favor of transferring this case to the Northern District of Georgia.

In addition to having a comparably fast docket, the Northern District of Georgia has local rules specifically applicable to patent litigation *See* May Dec. at ¶ 8, Ex. F thereto. These rules provide for a prompt and orderly handling of the infringement, validity and claim construction disclosures which are so important in patent litigation. *See id.*

A final consideration for the Court is the public policies of the fora. There are no public policy reasons that would weigh against transferring this case to the home forum of the parties.

## VI. Conclusion

While plaintiff chose to file this case in Delaware, the plain fact is that each and every §1404(a) consideration, including both private interests and public, weighs heavily and unanimously in favor of transferring this action to the Northern District of Georgia. We respectfully request that this Court transfer the action to the Northern District of Georgia under §1404(a).

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS, LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
(312) 876-7700

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

Dated: September 13, 2007
818738

*Attorneys for Defendants*
*Cooper Industries, Inc. and*
*Cooper Lighting, Inc.*

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on September 13, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com