IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC. and<br>ACUITY BRANDS LIGHTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COOPER INDUSTRIES, INC. and<br>COOPER LIGHTING, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 07-444-***

## DECLARATION OF KEVIN C. MAY

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS, LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: September 13, 2007

Philip A. Rovner (# 3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*Cooper Industries, Inc. and*
*Cooper Lighting, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC. and<br>ACUITY BRANDS LIGHTING, INC.,<br><br>   Plaintiffs,<br><br>    v.<br><br>COOPER INDUSTRIES, INC. and<br>COOPER LIGHTING, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:07-cv-444<br>) Hon. Mary Pat Thynge<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF KEVIN C. MAY

I, Kevin C. May, under penalty of perjury do hereby depose and declare as follows:

1. I am one of the attorneys at Latham & Watkins LLP responsible for representing Cooper Industries, Inc. and Cooper Lighting, Inc. in the above captioned matter. The matters set forth herein are based on personal knowledge.

2. Exhibit A hereto is a true and correct copy of an excerpt of a page from Acuity Brands Lighting, Inc.'s website.

3. Exhibit B hereto is a true and correct copy of an excerpt from Acuity Brands, Inc.'s 2006 Annual Report.

4. Exhibit C hereto is a true and correct copy of (a) the Utility Patent Application Transmittal form for the utility patent-in-suit and a representative Design Patent Application Transmittal form for one of the design patents-in-suit, and (b) a page web page from the Needle & Rosenberg website concerning Kean J. DeCarlo and the VCard contact information linked thereto.

5.     Exhibit D hereto is a true and correct copy of excerpts of docket entries for N.D. Ga. cases: *Acuity Brands, Inc. v. Cooper Industries, et al.* (patent); *Acuity Brands, Inc. v. Genlyte Thomas Group* (patent); *Acuity Brands, Inc. v. Meier, et al.* (E.R.I.S.A.).

6.     We have performed a PACER docket search for civil cases filed by Acuity Brands, Inc. or Acuity Brands Lighting, Inc. in the District of Delaware and have located no cases other than the above-captioned action.

7.     Exhibit E hereto is a true and correct copy of the Judicial Caseload Profile Report for the Northern District of Georgia and the District of Delaware.

8.     Exhibit F hereto is a true and correct copy of the Patent Local Rules for the Northern District of Georgia.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 13th day of September, 2007:

Kevin C. May

2

# EXHIBIT A

**Acuity Brands**
Lighting

Home   About Us   Careers   Products   International   Partner Links

## About Us

Acuity Brands Lighting is the world's largest
manufacturer of lighting fixtures for many
reasons: superior value, the broadest product
offerings, competitive pricing, outstanding
logistics, and the strongest sales and
distribution network in the industry. Products
include indoor and outdoor lighting for
commercial, institutional, industrial,
infrastructure, and residential applications.
Products are manufactured at 19 plants in
North America and 5 plants in Europe and are
dispersed through strategically located
distribution centers. It operates the most
advanced supply chain management and sales
fulfillment processes in the industry. The
diverse business units cover the marketplace
and offer significant growth opportunities.



X Manufacturing
☐ Distribution Centers
⊕ Field and Regional
   Warehouses

**LITHONIA LIGHTING**

Lithonia Lighting is the largest manufacturer of lighting equipment for commercial, industrial, outdoor, and
residential applications. Lithonia Lighting offers thousands of products through wholesale electrical distributors,
retail home centers, and lighting showrooms. More than 8,000 employees and 1,000 sales representatives work
for the Acuity Brands Lighting.

www.lithonia.com | PO Box A, Conyers, GA 30012 | 770-922-9000 | lithonia@lithonia.com



HOLOPHANE

# EXHIBIT B



Acuity Brands, Inc.
*2006 Annual Report*

approximately 6%; and the two European facilities produce approximately 5%. Certain finished goods purchased from contract manufacturers and finished goods suppliers supplement the manufactured product line. Sales of outsourced product currently account for approximately 25% of the net sales volume of ASP. Outsourced product is predominately manufactured in the U.S. Management does not believe the loss of any one supplier of outsourced product would have a material adverse impact on the results of operations of ASP.

**Distribution**

*Lighting Equipment*

Products are delivered through a network of strategically located distribution centers, regional warehouses, and commercial warehouses in North America using both common carriers and a company-owned truck fleet. For international customers, distribution methods are adapted to meet individual customer or country requirements.

*Specialty Products*

Products sold to I&I markets are shipped from strategically located distribution centers and local branch warehouses throughout North America and in Europe, while retail products are distributed nationwide from the Georgia and Dallas plants and warehouses. Products are primarily delivered through common carriers.

**Research and Development**

*Lighting Equipment*

Research and development efforts at ABL are targeted toward the development of products with an ever-increasing performance-to-cost ratio and energy efficiency, while close relationships with lamp and ballast manufacturers are maintained to understand technology enhancements and incorporate them in ABL's fixture designs. ABL operates five separate product development model facilities, incorporating eight photometers for testing and optimizing fixture photometric performance. The Conyers, Georgia lab is approved by the National Voluntary Laboratory Accreditation Program for both fluorescent and high intensity discharge fixtures. For fiscal years 2006, 2005, and 2004, research and development expense at ABL was $30.0 million, $27.1 million, and $27.9 million, respectively.

*Specialty Products*

At ASP, research and development is directed at developing product systems that provide comprehensive solutions for broad-based customer applications. Additionally, efforts to enhance existing formulations by utilizing new raw materials or combinations of raw materials have resulted in both new and improved products. Special emphasis has been placed on the development of "green" products based on renewable and environmentally preferred raw materials. Technical expertise is employed to move proven technologies into new applications. Research and development expense at ASP for fiscal years 2006, 2005, and 2004, excluding technical services, was $2.0 million, $1.8 million, and $2.1 million, respectively.

**Competition**

*Lighting Equipment*

The lighting equipment industry served by ABL is highly competitive, with the largest suppliers serving many of the same markets and competing for the same customers. Competition is based on numerous factors, including brand name recognition, price, product quality and design, customer relationships, and service capabilities. Primary competitors in the lighting industry include Cooper Industries Ltd., The Genlyte Group Incorporated, and Hubbell Incorporated. The Company estimates that the four largest lighting manufacturers (including ABL) have approximately a 55% share of the total North American lighting market.

# EXHIBIT C

ATTORNEY DOCKET NO. 01182.0005U1
EXPRESS MAIL LABEL NO. EV217856906US
Page 1 of 2

| UTILITY PATENT APPLICATION TRANSMITTAL (Only for new nonprovisional applications under 37 CFR 1.53(b)) | |
|---|---|
| **APPLICATION ELEMENTS** See MPEP chapter 600 concerning utility application contents | Attorney Docket No.: 01182.0005U1 |
| | First Inventor: John T. Mayfield, III |
| | Title: LIGHT FIXTURE AND LENS ASSEMBLY FOR SAME |
| | Express Mail Label No.: EV217856906US |
| | ADDRESS TO: Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 |

1. ☒ Specification          Total Pages 58
   (Includes description, claims, and abstract)

6. ☐ CD-ROM or CD-R in duplicate, large tables or Computer Program (Appendix)

2. ☒ Drawings          Total Sheets 15

3. ☒ Oath or Declaration          Total Pages 4

   a. ☒ Newly executed (original or copy)
   b. ☐ Copy from a prior application (37 CFR 1.63(d))
      (for continuation/divisional with Box 20B completed)

4. ☐ Application Data Sheet. See 37 CFR 1.76
      [Total Pages _____]

5. ☐ Nucleotide and/or Amino Acid Sequence Submission (if applicable, all necessary)
   a. ☐ Computer Readable Form (CRF)
      --OR--
      ☐ Statement under 37 CFR 1.821(e) (see Box 21 for statement)
   b. ☐ Specification Sequence Listing on:
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ paper   [Total Pages _____]
   c. ☐ The contents of the computer readable form of the sequence listing and the sequence listing in the specification of the application are the same.

**ACCOMPANYING APPLICATION PARTS:**

7. ☐ Copy of Assignment
8. ☐ 37 CFR 3.73(b) Statement (when there is an assignee)
9. ☒ Power of Attorney
10. ☐ English Translation Document (if applicable)
11. ☐ Information Disclosure Statement/PTO-1449
    ☐ Copies of IDS Citations    [Total Citations _____]
12. ☐ Preliminary Amendment
13. ☐ Certified Copy of Priority Document(s) (if foreign priority is claimed)
14. ☐ Nonpublication Request under 35 USC 122(b)(2)(B)(i) (Must attach form PTO/SB/35 or equivalent).
15. ☒ Authorization to Treat Reply Requiring Extension of Time as Incorporating Petition for Extension of Time
16. ☒ Return Receipt Postcard (MPEP 503)
17. ☐ Other: _____
    _____
    _____

18. The FILING FEE is calculated as follows: (Claims as filed, less any claims cancelled by Amendment)

| Claims | Number Filed | Number Extra | Rate | |
|---|---|---|---|---|
| Total claims | 122 - 20 = | 102 | X $18.00 | $ 1,836.00 |
| Independent claims | 7 - 3 = | 4 | X $86.00 | $ 344.00 |
| MULTIPLE DEPENDENT CLAIM(S) (if applicable) | | | + 290.00 | $ |
| | | TOTAL OF ABOVE CALCULATIONS = | | $ 2,970.00 |
| ☐ Applicant claims small entity status. See 37 CFR 1.27. Fees are reduced by ½. | | | – | $ |
| | | TOTAL FILING FEE = | | $ 2,970.00 |

(Total claims rate note: $ 790.00)

19. Payment:
   ☐ A check in the amount of $_____ is enclosed.
   ☒ Credit Card Payment Form PTO-2038 Authorizing Payment in the amount of $2,970.00 is enclosed.
   ☒ The Commissioner is hereby authorized to charge any additional amount due or credit any overpayment to Deposit Account No. 14-0629.



240278_3.DOC

ATTORNEY DOCKET NO. 01182.0005U1
EXPRESS MAIL LABEL NO. EV217856906US
Page 2 of 2

| 20A. | ☒ | This application is an original application (not a continuation, divisional or continuation-in-part). |
|---|---|---|
| 20B. | ☐ | This application is a ☐ continuation-in-part / ☐ continuation / ☐ divisional<br>of prior Application No. _____.<br>The prior application was assigned to Examiner _____, Group Art Unit _____.<br>**The entire disclosure of the prior application is considered a part of the disclosure of the accompanying application and is hereby incorporated by reference.** |
| | ☐ | This application is a continuation or divisional application (not a continuation-in-part) that:<br>(i)   names as inventors the same or fewer than all the inventors named in the prior application; and<br>(ii)  contains no matter that would have been new matter in the prior application; and<br>(iii) a copy of the executed oath or declaration in the prior application, showing the signature or an indication thereon that it was signed:<br>    ☐  is enclosed.<br>    ☐  will follow. |
| | ☐ | This application is a continuation or divisional application (not a continuation-in-part) that is being filed by less than all the inventors named in the prior application.  In accordance with 37 C.F.R. §1.63(d)(2), the Commissioner is requested to delete the name(s) of the following person who are not inventors of the invention being claimed in this application:<br>_____<br>_____ |
| | ☐ | This application is a continuation-in-part, continuation or divisional application naming an inventor not named in the prior application.  A newly executed oath or declaration:<br>    ☐  is enclosed.<br>    ☐  will follow. |
| 21. | ☐ | A sequence listing in computer readable form in compliance with 37 C.F.R. §§ 1.621-1.825 was submitted on _____ in prior Application No. _____, filed _____.<br>Pursuant to 37 C.F.R. § 1.821(e), applicant hereby requests that the computer readable form of the sequence listing submitted in the above-referenced prior application be used as the computer readable form of the sequence listing for the new application.  The paper or compact disk copy of the Sequence Listing in the new application is identical to the computer readable copy filed in the prior application. |
| 22. | ☐ | This application claims foreign priority benefits under 35 USC 119(a)-(d) or 365(b) of any foreign application(s) listed below, or under 35 USC 365(a) or 365(b) of any PCT application listed below.<br>Application No. _____  Country: _____  Day/Month/Year Filed: _____ |

23.  Address all correspondence to the address associated with:          **CUSTOMER NO. 23859**

| Name of Attorney/Agent: Kean J. DeCarlo, Esq. | Registration No.: 39,966 |
|---|---|
| Signature: | Date: 10/21/2004 |

**Certificate of Express Mailing Under 37 C.F.R. § 1.10**

I hereby certify that this correspondence, including any items indicated as attached or included, is being deposited with the United States Postal Service as Express Mail, Label No.EV217856906US, in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450, on October 21, 2004.

Michael Laird                                  10/21/04
                                                  Date

ATTORNEY DOCKET NO. 01182.0017U1
EXPRESS MAIL LABEL NO. EL979108187US
Page 1 of 2

| DESIGN PATENT APPLICATION TRANSMITTAL (Only for new nonprovisional applications under 37 CFR 1.53(b)) | |
|---|---|
| Attorney Docket No.: | 01182.0017U1 |
| First Inventor: | John T. Mayfield, III |
| Title: | LIGHT FIXTURE HOUSING |
| Express Mail Label No.: | EL979108187US |

| APPLICATION ELEMENTS See MPEP chapter 600 concerning utility application contents | |
|---|---|
| ADDRESS TO: | Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 |

1. ☒ Specification     Total Pages 3
   (Includes description, claims, and abstract)

2. ☒ Drawings     Total Sheets 6

3. ☒ Oath or Declaration     Total Pages 3
   a. ☒ Newly executed (original or copy)
   b. ☐ Copy from a prior application (37 CFR 1.63(d)) (for continuation/divisional with Box 20B completed)

4. ☐ Application Data Sheet. See 37 CFR 1.76 [Total Pages _____]

5. ☐ Nucleotide and/or Amino Acid Sequence Submission (if applicable, all necessary)
   a. ☐ Computer Readable Form (CRF)
      –OR–
      ☐ Statement under 37 CFR 1.821(e) (see Box 21 for statement)
   b. ☐ Specification Sequence Listing on:
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ paper   [Total Pages _____]
   c. ☐ The contents of the computer readable form of the sequence listing and the sequence listing in the specification of the application are the same.

6. ☐ CD-ROM or CD-R in duplicate, large tables or Computer Program (Appendix)

**ACCOMPANYING APPLICATION PARTS:**

7. ☐ Copy of Assignment
8. ☐ 37 CFR 3.73(b) Statement (when there is an assignee)
9. ☒ Power of Attorney
10. ☐ English Translation Document (if applicable)
11. ☐ Information Disclosure Statement/PTO-1449
    ☐ Copies of IDS Citations    [Total Citations _____]
12. ☐ Preliminary Amendment
13. ☐ Certified Copy of Priority Document(s) (if foreign priority is claimed)
14. ☐ Nonpublication Request under 35 USC 122(b)(2)(B)(i) (Must attach form PTO/SB/35 or equivalent).
15. ☒ Authorization to Treat Reply Requiring Extension of Time as Incorporating Petition for Extension of Time
16. ☒ Return Receipt Postcard (MPEP 503)
17. ☐ Other: _____

18. The FILING FEE is calculated as follows: (Claims as filed, less any claims cancelled by Amendment)

| Claims | Number Filed | Number Extra | Rate | $350.00 |
|---|---|---|---|---|
| Total claims | 1 - 20 = | 0 | X $18.00 | $0.00 |
| Independent claims | 1 - 3 = | 0 | X $86.00 | $0.00 |
| MULTIPLE DEPENDENT CLAIM(S) (if applicable) | | | + 290.00 | $ |
| TOTAL OF ABOVE CALCULATIONS = | | | | $350.00 |
| ☐ Applicant claims small entity status. See 37 CFR 1.27. Fees are reduced by ½. | | | | $ |
| TOTAL FILING FEE = | | | | $350.00 |

19. Payment:
   ☐ A check in the amount of $_____ is enclosed.
   ☒ Credit Card Payment Form PTO-2038 Authorizing Payment in the amount of $350.00 is enclosed.
   ☒ The Commissioner is hereby authorized to charge any additional amount due or credit any overpayment to Deposit Account No. 14-0629.

241361-1

16138 U.S. PTO 102104

U.S. PTO 29/215571 16800 102104

ATTORNEY DOCKET NO. 01182.0017U1
EXPRESS MAIL LABEL NO. EL979108187US
Page 2 of 2

| | | |
|---|---|---|
| 20A. | ☒ | This application is an original application (not a continuation, divisional or continuation-in-part). |
| 20B. | ☐ | This application is a ☐ continuation-in-part / ☐ continuation / ☐ divisional of prior Application No. _____. The prior application was assigned to Examiner _____, Group Art Unit _____. **The entire disclosure of the prior application is considered a part of the disclosure of the accompanying application and is hereby incorporated by reference.** |
| | ☐ | This application is a continuation or divisional application (not a continuation-in-part) that: <br> (i)    names as inventors the same or fewer than all the inventors named in the prior application; and <br> (ii)   contains no matter that would have been new matter in the prior application; and <br> (iii)  a copy of the executed oath or declaration in the prior application, showing the signature or an indication thereon that it was signed: <br> ☐   is enclosed. <br> ☐   will follow. |
| | ☐ | This application is a continuation or divisional application (not a continuation-in-part) that is being filed by less than all the inventors named in the prior application.  In accordance with 37 C.F.R. §1.63(d)(2), the Commissioner is requested to delete the name(s) of the following person who are not inventors of the invention being claimed in this application: <br><br> _____ |
| | ☐ | This application is a continuation-in-part, continuation or divisional application naming an inventor not named in the prior application.  A newly executed oath or declaration: <br> ☐   is enclosed. <br> ☐   will follow. |
| 21. | ☐ | A sequence listing in computer readable form in compliance with 37 C.F.R. §§ 1.821-1.825 was submitted on _____ in prior Application No. _____, filed _____. Pursuant to 37 C.F.R. § 1.821(e), applicant hereby requests that the computer readable form of the sequence listing submitted in the above-referenced prior application be used as the computer readable form of the sequence listing for the new application.  The paper or compact disk copy of the Sequence Listing in the new application is identical to the computer readable copy filed in the prior application. |
| 22. | ☐ | This application claims foreign priority benefits under 35 USC 119(a)-(d) or 365(b) of any foreign application(s) listed below, or under 35 USC 365(a) or 365(b) of any PCT application listed below. <br> Application No. _____  Country: _____  Day/Month/Year Filed: _____ |

23. Address all correspondence to the address associated with:          CUSTOMER NO. 23859

| Name of Attorney/Agent: Kean J. DeCarlo, Esq. | Registration No.: 39,956 |
|---|---|
| Signature: | Date: 10/21/2004 |

**Certificate of Express Mailing Under 37 C.F.R. § 1.10**

I hereby certify that this correspondence, including any items indicated as attached or included, is being deposited with the United States Postal Service as Express Mail, Label No. EL979108187US, in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450, on October 21, 2004.

| | |
|---|---|
| Michael Laird | 10/21/04 <br> Date |

241361-1

Needle & Rosenberg - Professionals                                     Page 1 of 1



DLE & ROSENBERG

| OVERVIEW    INDUSTRIES SERVED    PRACTICE GROUPS    **PROFESSIONALS**    LIBRARY AND NEWS    RECRUITING

C  D  E  F  G  H  I  J  K  L  M  N  O  P  Q  R  S  T  U  V  W  X  Y  Z    **Full List**

### Kean J. DeCarlo J.D., M.B.A.



Kean DeCarlo is a shareholder at Needle & Rosenberg and leads both the mechanical and medical technology practice groups and is engaged exclusively in copyright, trademark and patent matters. Kean earned his J.D., *magna cum laude,* from the Georgia State University College of Law in 1997, his M.B.A., *with honors,* from Golden Gate University, and a B.S., *magna cum laude,* in mechanical engineering from Clemson University. Before joining Needle & Rosenberg, Kean worked as a domestic and international commercial pilot for Delta Air Lines and as a fighter pilot with the United States Air Force.

Kean is an adjunct professor of Intellectual Property Law at Georgia State University College of Law. In addition, he is a registered patent attorney, and he is a member of the State Bar of Georgia and its Technology Law Section Executive Committee, the Copyright Society of the U.S., the American Intellectual Property Law Association, and the Southeast Medical Device Association.

kdecarlo@needlerosenberg.com

Click to contact Kean J. DeCarlo, J.D., M.B.A.

Download VCard

Download Resume (Adobe Acrobat® Format)

# Kean J. DeCarlo M. B. A.
**Attorney**
**Needle & Rosenberg, P.C.**

**Suite 1000**
**999 Peachtree Street**
**Atlanta, Georgia 30309-3915**
**United States of America**

**(678) 420-9350      ( Work Voice )**
**(678) 420-9301      ( Work Fax )**

**KDeCarlo@needlerosenberg.com      ( Preferred Internet )**

**http://www.needlerosenberg.com**

<u>Version</u>
    2.1

<u>Name</u>
                    *Family:*  A.
                    *First:*   Kean
                    *Middle:*  J. DeCarlo M. B.
                    *Prefix:*
                    *Suffix:*

<u>Formatted Name</u>
    Kean J. DeCarlo M. B. A.

<u>Organization</u>
    Needle & Rosenberg, P.C.

<u>Title</u>
    Attorney

<u>Telephone Number</u>      ( Work Voice )
    (678) 420-9350

<u>Telephone Number</u>      ( Work Fax )
    (678) 420-9301

<u>Address</u>    ( Work )
            *P.O. Address:*
    *Extended Address:*
            *Street:*  Suite 1000
                    999 Peachtree Street
            *Locality:*  Atlanta
            *Region:*  Georgia
    *Postal Code:*  30309-3915

*Country:*   United States of America

**Delivery Label**      ( Work )
       Suite 1000
       999 Peachtree Street
       Atlanta, Georgia 30309-3915
       United States of America

**Uniform Resource Locator**
       http://www.needlerosenberg.com

**Electronic Mail Address**      ( Preferred Internet )
       KDeCarlo@needlerosenberg.com

**Last Revision**
       20051024T132156Z

# EXHIBIT D

8months, CLOSED

## U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:01-cv-02965-JEC

| | |
|---|---|
| Acuity Brands, Inc., et al v. Cooper Industries, et al | Date Filed: 11/02/2001 |
| Assigned to: Judge Julie E. Carnes | Date Terminated: 03/31/2004 |
| Demand: $0 | Jury Demand: Plaintiff |
| Cause: 35:281 Infringement of Patent/jurisdiction conferred 28:1338 | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**L & C Spinco, Inc.**
*TERMINATED: 06/05/2002*

represented by **John S. Pratt**
Kilpatrick Stockton
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
404-815-6500
Email: jpratt@kilpatrickstockton.com
*TERMINATED: 06/05/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vaibhav P. Kadaba**
Kilpatrick Stockton
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
404-815-6500
Email:
wkadaba@kilpatrickstockton.com
*TERMINATED: 06/05/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**L & C Lighting Group, Inc.**
*TERMINATED: 06/05/2002*

represented by **John S. Pratt**
(See above for address)
*TERMINATED: 06/05/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vaibhav P. Kadaba**
(See above for address)
*TERMINATED: 06/05/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

8months, CLOSED

## U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:02-cv-02458-CC

| | |
|---|---|
| Acuity Brands, Inc. v. Genlyte Thomas Group | Date Filed: 09/05/2002 |
| Assigned to: Judge Clarence Cooper | Date Terminated: 02/20/2003 |
| Demand: $0 | Jury Demand: Defendant |
| Cause: 35:281 Infringement of Patent/jurisdiction conferred 28:1338 | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Acuity Brands, Inc.**                 represented by  **Christopher Owen Green**
Fish & Richardson, P.C.-Atl
21st Floor
1180 Peachtree Street, NE
Atlanta, GA 30309
404-892-5005
Fax: 404-892-5002
Email: cgreen@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence K. Nodine**
Needle & Rosenberg
999 Peachtree Street
Suite 1000
Atlanta, GA 30309
678-420-9300
Email: lnodine@needlerosenberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Lawrence Seigel**
Weatherly Kerven & Seigel, LLC
Suite 1082
15 Perimeter Center Place
Atlanta, GA 30346-1245
770-395-5920
Fax: 770-395-5921
Email: seigel@addipvalue.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nagendra Setty**
Fish & Richardson, P.C.-Atl
21st Floor
1180 Peachtree Street, NE

4months, TRO

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:07-cv-02015-WSD

| | |
|---|---|
| Acuity Brands, Inc. et al v. Meier et al | Date Filed: 08/22/2007 |
| Assigned to: Judge William S. Duffey, Jr | Jury Demand: None |
| Cause: 29:1132 E.R.I.S.A.-Employee Benefits | Nature of Suit: 791 Labor: E.R.I.S.A. |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Acuity Brands, Inc.**
*in its capacity as fiduciary of the*
*ACUITY BRANDS MEDICAL PLAN, a*
*component of the Employee Group*
*Insurance Benefits Plan of Acuity*
*Brands, Inc.*

represented by **Michael Andrew Coval**
Smith Moore, LLP
1201 West Peachtree Street
One Atlantic Center
Suite 3700
Atlanta, GA 30309
404-962-1000
Email:
michael.coval@smithmoorelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiffany D. Downs**
Smith Moore, LLP
1201 West Peachtree Street
One Atlantic Center
Suite 3700
Atlanta, GA 30309
404-962-1000
Fax: 404-658-9726
Email:
tiffany.downs@smithmoorelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Janice Anne Meier**
*individually*

**Defendant**

**Melissa Meier**
*a minor, by and through her next friend*
*and natural parent, Janice Anne Meier*

# EXHIBIT E

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **GEORGIA NORTHERN** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 4,554 | 4,886 | 5,620 | 5,479 | 5,356 | 5,110 | | |
| | Terminations | | 4,898 | 5,692 | 5,370 | 5,102 | 5,437 | 4,996 | | |
| | Pending | | 3,574 | 3,890 | 4,649 | 4,415 | 4,035 | 4,151 | | |
| | % Change in Total Filings | Over Last Year | | -6.8 | | | | | 60 | 9 |
| | | Over Earlier Years | | | -19.0 | -16.9 | -15.0 | -10.9 | 64 | 6 |
| | Number of Judgeships | | 11 | 11 | 11 | 11 | 11 | 11 | | |
| | Vacant Judgeship Months** | | 5.1 | 3.0 | 1.6 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 415 | 444 | 511 | 498 | 487 | 465 | 53 | 7 |
| | | Civil | 353 | 383 | 438 | 422 | 416 | 403 | 38 | 6 |
| | | Criminal Felony | 51 | 47 | 55 | 60 | 56 | 62 | 70 | 9 |
| | | Supervised Release Hearings** | 11 | 14 | 18 | 16 | 15 | - | 78 | 8 |
| | Pending Cases | | 325 | 354 | 423 | 401 | 367 | 377 | 67 | 9 |
| | Weighted Filings** | | 500 | 541 | 625 | 595 | 557 | 540 | 30 | 6 |
| | Terminations | | 445 | 517 | 488 | 464 | 494 | 454 | 46 | 7 |
| | Trials Completed | | 17 | 16 | 20 | 21 | 21 | 20 | 58 | 8 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 11.0 | 11.5 | 8.8 | 8.2 | 8.1 | 7.7 | 72 | 9 |
| | | Civil** | 9.5 | 10.0 | 9.3 | 9.3 | 9.8 | 9.1 | 48 | 6 |
| | From Filing to Trial** (Civil Only) | | 31.0 | 27.0 | 22.0 | 25.5 | 23.5 | 24.0 | 65 | 7 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 83 | 83 | 70 | 65 | 64 | 71 | | |
| | | Percentage | 2.9 | 2.6 | 1.8 | 1.7 | 1.8 | 2.0 | 10 | 2 |
| | Average Number of Felony Defendants Filed Per Case | | 1.7 | 1.9 | 1.6 | 1.7 | 1.6 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 45.86 | 45.85 | 38.96 | 36.40 | 37.21 | 43.27 | | |
| | | Percent Not Selected or Challenged | 37.6 | 37.6 | 32.1 | 31.2 | 32.1 | 40.4 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3879 | 170 | 126 | 1020 | 85 | 61 | 168 | 483 | 309 | 270 | 757 | 6 | 424 |
| Criminal* | 549 | 3 | 114 | 53 | 127 | 105 | 27 | 31 | 15 | 19 | 20 | 5 | 30 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **DELAWARE** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,077 | 1,190 | 1,797 | 1,362 | 2,028 | 1,004 | | |
| | Terminations | | 1,419 | 1,448 | 1,516 | 1,507 | 1,478 | 1,020 | | |
| | Pending | | 1,501 | 1,853 | 2,085 | 1,836 | 1,999 | 1,477 | | |
| | % Change in Total Filings | Over Last Year | | -9.5 | | | | | 74 | 6 |
| | | Over Earlier Years | | | -40.1 | -20.9 | -46.9 | 7.3 | 34 | 3 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 1.9 | 3.1 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 270 | 298 | 449 | 340 | 507 | 251 | 82 | 5 |
| | | Civil | 233 | 264 | 414 | 306 | 462 | 233 | 73 | 5 |
| | | Criminal Felony | 30 | 28 | 29 | 25 | 38 | 18 | 88 | 5 |
| | | Supervised Release Hearings** | 7 | 6 | 6 | 9 | 7 | - | 87 | 4 |
| | Pending Cases | | 375 | 463 | 521 | 459 | 500 | 369 | 48 | 5 |
| | Weighted Filings** | | 367 | 422 | 534 | 424 | 516 | 379 | 71 | 4 |
| | Terminations | | 355 | 362 | 379 | 377 | 370 | 255 | 69 | 4 |
| | Trials Completed | | 15 | 20 | 19 | 23 | 18 | 16 | 65 | 3 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 9.3 | 9.4 | 9.1 | 8.3 | 9.8 | 8.0 | 56 | 2 |
| | | Civil** | 16.8 | 10.9 | 14.0 | 11.2 | 8.2 | 12.6 | 91 | 5 |
| | From Filing to Trial** (Civil Only) | | 26.0 | 23.5 | 26.0 | 24.0 | 22.5 | 21.0 | 49 | 3 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 142 | 156 | 65 | 66 | 99 | 77 | | |
| | | Percentage | 10.6 | 9.1 | 3.4 | 3.9 | 5.4 | 5.5 | 76 | 5 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.2 | 1.2 | 1.3 | 1.1 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 39.60 | 39.82 | 38.50 | 34.98 | 33.84 | 32.68 | | |
| | | Percent Not Selected or Challenged | 24.1 | 22.8 | 20.9 | 24.0 | 24.4 | 19.9 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 930 | 32 | 6 | 233 | 12 | 6 | 20 | 76 | 52 | 160 | 132 | 51 | 150 |
| Criminal* | 117 | - | 26 | 14 | 29 | 20 | - | 2 | 5 | 10 | 2 | - | 9 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# EXHIBIT F

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA



# LOCAL RULES

June 1, 2006 Revision

# TABLE OF CONTENTS

## PATENT LOCAL RULES

**Page(s)**

**LPR 1:**    **General Provisions**

**LPR 1.1.**    **Title.** ........................................... PR-3

**LPR 1.2.**    **Purpose, Scope and Construction.** .................. PR-3

**LPR 1.3.**    **Effective Date.** ................................. PR-3

**LPR 2:**    **Confidentiality of Commercial or Technical Information**

**LPR 2.1.**    **Confidentiality Prior to Entry of Case Specific Protective Order** ....................... PR-3

**LPR 2.2.**    **Stipulated Protective Orders** ..................... PR-4

**LPR 3:**    **Relationship to General Discovery Procedures**

**LPR 3.1.**    **Discovery Requests** ............................. PR-5

**LPR 4:**    **Disclosure of Contentions**

**LPR 4.1.**    **Infringement Contentions** ....................... PR-5

**LPR 4.2.**    **Response to Infringement Contentions** ............ PR-7

**LPR 4.3.**    **Invalidity Contentions.** .......................... PR-7

**LPR 4.4.**    **Time for Disclosures** ............................ PR-8

**LPR 4.5.**    **Supplementing or Amending Contentions** ......... PR-9

**LPR 5:**      **Bifurcation and Willful Infringement Issues**

**LPR 5.1.**     **Presumption Against Bifurcation** . . . . . . . . . . . . . . . . . **PR-9**

**LPR 5.2.**     **Discovery of the Substance of Opinions of Counsel** . . **PR-9**

**LPR 5.3.**     **No Disqualification** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PR-10**


**LPR 6:**      **Claim Construction Proceedings**

**LPR 6.1.**     **Exchange of Proposed Terms** . . . . . . . . . . . . . . . . . . . **PR-11**

**LPR 6.2.**     **Exchange of Preliminary Constructions** . . . . . . . . . . **PR-11**

**LPR 6.3.**     **Joint Claim Construction Statement** . . . . . . . . . . . . . **PR-12**

**LPR 6.4.**     **Completion of Claim Construction Discovery** . . . . . **PR-13**

**LPR 6.5.**     **Claim Construction Briefs** . . . . . . . . . . . . . . . . . . . . . **PR-13**

**LPR 6.6.**     **Claim Construction Hearing** . . . . . . . . . . . . . . . . . . . . **PR-13**

**LPR 6.7.**     **Discovery after Claim Construction** . . . . . . . . . . . . . . **PR-13**


**LPR 7:**      **Expert Witnesses**

**LPR 7.1.**     **Disclosure of Experts and Expert Reports** . . . . . . . . **PR-13**

**LPR 7.2.**     **Depositions of Experts** . . . . . . . . . . . . . . . . . . . . . . . . **PR-14**

**LPR 7.3.**     **Presumption Against Supplementation**
                 **or Amendment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PR-14**

## LPR 1:     GENERAL PROVISIONS

### LPR l.1.     TITLE.

These are the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of Georgia. They may be cited as "Patent L.R. ___."

### LPR 1.2.     PURPOSE, SCOPE AND CONSTRUCTION.

(a) These rules are intended to supplement the Civil Local Rules of this District to facilitate the speedy, fair and efficient resolution of patent disputes.

(b) These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable.

(c) The Court may modify the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case, by stipulation of all parties, on motion of a party or on the Court's own motion. The parties shall meet and confer prior to filing any motion seeking a modification of the obligations or deadlines set forth in these Patent Local Rules. Such meeting shall take place prior to the filing of the Joint Preliminary Report and Discovery Plan, and any such motion shall be filed no later than the filing of the Joint Preliminary Report and Discovery Plan.

### LPR 1.3.     EFFECTIVE DATE.

These Patent Local Rules shall take effect on July 15, 2004 and shall apply to any case filed or transferred to this Court thereafter. Relevant provisions of these rules may be applied to any pending case by the Court, on its own motion or on motion by any party.

## LPR 2:     CONFIDENTIALITY OF COMMERCIAL OR TECHNICAL INFORMATION

### LPR 2.1.     Confidentiality Prior to Entry of Case Specific Protective Order.

(a) If any document or information produced is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "Confidential – Subject to Protective Order" by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

(b) If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party five (5) court days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure.

(c) Pending entry of a protective order (by stipulation or on motion), all persons to whom disclosure of a confidential document or information is made under this local rule shall not disclose any such protected information to any person not entitled to have access to it. After entry of such an order, the limits on disclosure provided by such order shall apply to the disclosure of documents otherwise produced pursuant to this rule.

(d) Documents filed with the clerk containing or disclosing information protected by this rule shall be filed under seal with a notation that the pleading is not to be made available to members of the public.

(e) Nothing in this rule shall affect the burden of proof or persuasion imposed by law on a party seeking to limit or prevent disclosure or use of a document deemed confidential by that party.

## LPR 2.2. Stipulated Protective Orders

(a) No later than the time for filing of the Joint Preliminary Report and Discovery Plan pursuant to Local Rule 16.2, the parties shall meet and confer to prepare a stipulated protective order to govern the production of commercially or technologically sensitive information in the case.

(b) Notwithstanding any provision in a protective order limiting the use of a document for purposes of a single lawsuit, the fact that an attorney or law firm has had access to a document covered by a protective order in one case shall not furnish a basis for disqualifying such lawyer in another case.

## LPR 3:    RELATIONSHIP TO GENERAL DISCOVERY PROCEDURES

### LPR 3.1.    Discovery Requests

a) These Rules do not excuse any party from responding to any proper discovery request made under the Federal Rules of Civil Procedure within the time required by such rules, except as follows:

(1) Requests seeking to elicit a party's claim construction position;

(2) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused technology;

(3) Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

(4) Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

(b) Disclosure of such information shall instead be made pursuant to these rules, absent stipulation of the parties or other order of the Court.

## LPR 4:    DISCLOSURE OF CONTENTIONS

### LPR 4.1.    INFRINGEMENT CONTENTIONS

(a) A party claiming patent infringement shall serve on all parties a Disclosure of Infringement Contentions at the time specified in these Rules. A separate Disclosure shall be made for each party accused of infringing a patent-in-suit.

(b) The Disclosure of Infringement Contentions shall contain the following information:

(1) Each claim of each patent in suit that is allegedly infringed by each opposing party;

PR-5

(2) Separately for each asserted claim, each accused apparatus, method, composition or other instrumentality ("Accused Instrumentality") of each accused party of which the claiming party is aware. This identification shall be as specific as possible, with each apparatus identified by name or model number, if known, and each method identified by name, if known;

(3) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(4) Whether each element of each asserted claim is claimed to be literally present, present under the doctrine of equivalents, or both, in the Accused Instrumentality; and

(5) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

(c) With the Disclosure of Infringement Contentions, the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

(1) Documents sufficient to evidence each instance of providing the claimed invention to a third party, by sale, offer to sell, or other manner of transfer, prior to the date of application for the patent in suit;

(2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant in the Disclosure, whichever is earlier;

(3) A copy of the file history for each patent in suit; and

(4) A copy of all non-U.S. patents claiming a common priority with any patent asserted in the case, together with a copy of all prior art cited in such non-U.S. patent proceedings.

(d) A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

## LPR 4.2.    RESPONSE TO INFRINGEMENT CONTENTIONS

(a) A party opposing a claim of infringement shall make the following Response to Infringement Contentions within the time period provided by these rules:

(1) The Response to Infringement Contentions shall include a chart responsive to the claims chart contained within the Disclosure of Infringement Contentions, and shall either acknowledge or deny whether each element of each asserted claim is found within each Accused Instrumentality;

(2) The Response to Infringement Contentions shall include a copy of source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation or composition of an Accused Instrumentality identified in the Disclosure of Infringement Contentions within the time period specified by these Rules.

## LPR 4.3.    INVALIDITY CONTENTIONS.

(a) Each party opposing a claim of patent infringement, and each party seeking a declaratory judgment of patent invalidity, shall serve on all parties its Disclosure of Invalidity Contentions at the time specified in these rules, which shall contain the following information:

(1) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.

(i) Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

(ii) Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) or entity(ies) from whom

and the circumstances under which the invention or any part of it was derived.

(iii) Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(2) For each item of prior art disclosed, whether each item of prior art anticipates each asserted claim or renders it obvious. If the disclosing party contends that a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, shall be identified.

(3) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found;

(4) Any grounds of invalidity based on any applicable provision of 35 U.S.C. § 112.

(b) The Disclosure shall include a copy of each item of prior art identified in the Disclosure comprising a printed publication if such item of prior art does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

## LPR 4.4.   TIME FOR DISCLOSURES

(a) A plaintiff pleading infringement of a patent shall first make its Disclosure of Infringement Contentions within thirty (30) days after filing of the Joint Preliminary Report and Discovery Plan. A plaintiff seeking a declaratory judgment of patent invalidity or non-infringement shall likewise first make its Disclosure of Invalidity Contentions within thirty (30) days after filing of the Joint Preliminary Report and Discovery Plan.

(b) A defendant responding to a declaratory judgment action and pleading infringement of a patent in a counterclaim shall first make its Disclosure of Infringement Contentions within thirty (30) days after service of the plaintiff's Disclosure of Invalidity Contentions. A defendant opposing a claim of patent infringement shall first make its Disclosure of Invalidity Contentions and its Response to Infringement within thirty (30)

days after the plaintiff's Disclosure of Infringement Contentions.

(c) A plaintiff seeking a declaratory judgment of patent invalidity or non-infringement, and responding to a counter-claim of patent infringement, shall produce its Response to Infringement Contentions within twenty (20) days after the defendant's Disclosure of Infringement Contentions.

## LPR 4.5.    SUPPLEMENTING OR AMENDING CONTENTIONS.

(a) Disclosures and Responses shall have such binding effect on a party as a response to an interrogatory under Rule 33 of the Federal Rules of Civil Procedure.

(b) Each party's Disclosures or Response shall be supplemented or amended pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure.

(c) In addition, any amendment or modification of the Disclosures or Responses which a party believes are required in light of a either a claim construction ruling by the Court or a modification of an opposing party's Disclosure or Response shall be made within thirty (30) days of service of such ruling, Disclosure or Response.

## LPR 5:    BIFURCATION AND WILLFUL INFRINGEMENT ISSUES

## LPR 5.1.    PRESUMPTION AGAINST BIFURCATION

There shall be a rebuttable presumption against the bifurcation of damages from liability issues in patent cases for purposes of either discovery or trial.

## LPR 5.2.    DISCOVERY OF THE SUBSTANCE OF OPINIONS OF COUNSEL

(a) The substance of any advice of counsel tendered in defense to a charge of willful infringement, and any other information which might be deemed to be within the scope of a waiver attendant to disclosure of such advice, shall not be discoverable until the earlier of:

(1) five (5) days after a ruling on summary judgment indicating a

triable issue of fact to which willfulness would be relevant; or

(2) thirty (30) days prior to the close of fact discovery under the discovery track to which the case is assigned.

(b) On the day such willfulness information becomes discoverable, the party relying on such advice shall produce the following:

(1) a copy of all written opinions to be relied on by the party opposing the claim of infringement;

(2) a copy of all materials or information provided to the attorney in connection with the advice;

(3) a copy of all written attorney-work product developed in the course of preparation of the opinion and which work product was disclosed to the client;

(4) identification of the date, sender and recipient (but not necessarily the substance) of all written or oral communications between the attorney or law firm rendering any opinions to be relied on, which communications discuss the same subject matter as such opinion.

(c) After such willfulness information becomes discoverable, a party claiming willful infringement shall be entitled to take the deposition of any attorneys rendering the advice relied on and any persons who received such advice, including but not limited to any person who claims to have relied on such advice.

(d) These rules contain no presumption as to whether any materials other than those specifically required to be produced by this rule are, in fact, discoverable or subject to the scope of the waiver of any attorney client privilege. Resolution of any dispute over disclosure of further material shall be left to the Court.

## LPR 5.3.    NO DISQUALIFICATION

(a) An individual lawyer who rendered an opinion tendered in defense of a charge of willful infringement should not, absent express permission from the Court, examine witnesses or otherwise appear as an advocate in

front of a jury where the jury will be determining the question of willful infringement.

(b) An individual lawyer involved in the prosecution of a patent-in-suit and whose conduct in connection with such prosecution is to be determined by the trier of fact should not, absent express permission from the Court, examine witnesses or otherwise appear as an advocate in front of the trier of fact where the trier of fact will make any determination of the question of inequitable conduct with respect to that patent-in-suit.

(c) No other disqualification or limitation on the participation of an individual lawyer should be required solely based on the fact that the lawyer rendered an opinion tendered in defense of a charge of willful infringement or the fact that there is a claim of inequitable conduct with regard to a patent in which the lawyer was involved in the prosecution of the particular patent-in-suit *unless* the party moving for disqualification or limitation of participation shall demonstrate a basis for such under the Georgia Rules of Professional Conduct or applicable case authority, or shall otherwise show good cause for such disqualification or limitation of participation.

(d) With regard to motions made pursuant to (c), counsel shall not be disqualified or limited from participation in the case, pursuant to these rules, prior to a ruling on such a motion.


## LPR 6:    CLAIM CONSTRUCTION PROCEEDINGS

### LPR 6.1.    EXCHANGE OF PROPOSED TERMS

(a) Not later than ninety (90) days after filing of the Joint Preliminary Report and Discovery Plan, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

(b) The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences.

### LPR 6.2.    EXCHANGE OF PRELIMINARY CONSTRUCTIONS

(a) Not later than twenty (20) days after the exchange of Proposed Terms, for Construction, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which any party has identified for claim construction purposes. Each such

Preliminary Claim Construction shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) in the specification corresponding to that element.

(b) At the same time the parties exchange their respective Preliminary Claim Constructions they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses intended to support the respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(c) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Statement.

## LPR 6.3.    JOINT CLAIM CONSTRUCTION STATEMENT

(a) Not later than one hundred and thirty (130) days after the filing of the Joint Preliminary Report and Discovery Plan, the parties shall complete and file a Joint Claim Construction Statement,

(b) The Joint Claim Construction Statement shall contain the following information:

> (1) The construction of those claim terms, phrases, or clauses on which the parties agree;
> (2) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim;
> (3) The anticipated length of time necessary for the Claim Construction Hearing;
> (4) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that

expert. No other Rule 26 report or disclosure shall be required for testimony directed solely towards claim construction.

## LPR 6.4.    COMPLETION OF CLAIM CONSTRUCTION DISCOVERY

(a) No later than fifteen (15) days after service and filing of the Joint Claim Construction Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Statement.

(b) Discovery from an individual on claim construction issues shall not prevent a prior or subsequent deposition of the same individual on other issues.

## LPR 6.5.    CLAIM CONSTRUCTION BRIEFS

(a) Not later than thirty (30) days after serving and filing the Joint Claim Construction Statement, each party shall serve and file an opening brief and any evidence supporting its claim construction.

(b) Not later than twenty (20) days after service upon it of an opening brief, each party shall serve and file its responsive brief and supporting evidence.

## LPR 6.6.    CLAIM CONSTRUCTION HEARING

Subject to the convenience of the Court's calendar, the Court shall conduct a Claim Construction Hearing to the extent the Court believe a hearing is necessary for construction of the claims at issue.

## LPR 6.7.    DISCOVERY AFTER CLAIM CONSTRUCTION

If at the time the Court issues its claim construction ruling, there are fewer than thirty (30) days left for discovery pursuant to the discovery track to which the case was assigned pursuant to the Local Rules, the parties shall have an additional forty-five (45) days in which to take discovery after the Court files and serves its claim construction ruling.

## LPR 7:    EXPERT WITNESSES

## LPR 7.1.    DISCLOSURE OF EXPERTS AND EXPERT REPORTS

(a) For issues other than claim construction to which expert testimony shall be directed, expert witness disclosures and depositions shall be governed by this rule.

(b) No later than thirty (30) days after (1) the normal close of discovery pursuant to the discovery track to which the case was assigned, or (2) the close of discovery after claim construction, which ever is later, each party shall make its initial expert witness disclosures required by Rule 26 on the issues on which each bears the burden of proof;

(c) No later than thirty (30) days after the first round of disclosures, each party shall make its initial expert witness disclosures required by Rule 26 on the issues on which the opposing party bears the burden of proof;

(d) No later than ten (10) days after the second round of disclosures, each party shall make any rebuttal expert witness disclosures permitted by Rule 26.

## LPR 7.2.    DEPOSITIONS OF EXPERTS

Depositions of expert witnesses disclosed under this Rule shall commence within seven (7) days of the deadline service of rebuttal reports and shall be completed within thirty (30) days after commencement of the deposition period. If the party taking the deposition agrees to pay the reasonable travel expenses of the expert, and absent good cause otherwise shown, the party designating the expert shall make its expert witness available for deposition in this District.

## LPR 7.3.    PRESUMPTION AGAINST SUPPLEMENTATION OR AMENDMENT

Because of the complexity of the issues often present in patent cases, amendments or supplementation to expert reports after the deadlines provided here are presumptively prejudicial and shall not be allowed unless (a) the tendering party shows cause that the amendment or supplementation could not reasonably have been made earlier and (b) all reasonable steps are made to ameliorate the prejudice to the responding party.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 13, 2007, the within

document was filed with the Clerk of the Court using CM/ECF which will send

notification of such filing(s) to the following; that the document was served on the

following counsel as indicated; and that the document is available for viewing and

downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com