IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC. and<br>ACUITY BRANDS LIGHTING, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>COOPER INDUSTRIES, INC. and<br>COOPER LIGHTING, INC.,<br><br>            Defendants. | )<br>)<br>)   C.A. No. 07-444-***<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## <u>COOPER INDUSTRIES, INC. AND COOPER LIGHTING, INC.</u>

Defendants Cooper Industries, Inc. and Cooper Lighting, Inc. (collectively, "Cooper") respond to Plaintiffs Acuity Brands, Inc. and Acuity Brands Lighting, Inc.'s (collectively, "Acuity's") Complaint and Demand for Jury Trial (the "Complaint") as follows:

## <u>ANSWER</u>

1.    Cooper lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2.    Cooper lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3.    Cooper admits that Cooper Industries, Inc. is a Delaware corporation, but states that it serves solely as a placeholder for the name "Cooper Industries, Inc." in Delaware, that it has no assets or operations and has had no assets or operations since its formation in 1965, and that it is mis-joined as a defendant in this case.

4.    Admitted.

5. Cooper admits that Acuity's Complaint purports to state a claim under the patent laws of the United States.

6. Admitted.

7. Cooper admits that venue is not improper in this District, but affirmatively states that the Northern District of Georgia is the most convenient forum for litigating this case, as set forth in the §1404 transfer motion filed herewith.

8. Cooper admits that on its face, United States Patent No. 7,229,192 B2 ("the '192 patent"), attached as Exhibit A to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 8. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9. Cooper admits that on its face, United States Patent No. D541,468 S ("the '468 patent"), attached as Exhibit B to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 9. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. Cooper admits that on its face, United States Patent No. D544,633 S ("the '633 patent"), attached as Exhibit C to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 10. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11. Cooper admits that on its face, United States Patent No. D544,634 S ("the '634 patent"), attached as Exhibit D to the Complaint, has the issuance date, title,

inventors, and assignee alleged in Paragraph 11. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 11 of the Complaint, and on that basis denies them.

    12. Cooper admits that on its face, United States Patent No. D544,992 S ("the '4,992 patent"), attached as Exhibit E to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 12. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies them.

    13. Cooper admits that on its face, United States Patent No. D544,993 S ("the '4,993 patent"), attached as Exhibit F to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 13. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies them.

    14. Cooper admits that on its face, United States Patent No. D545,481 S ("the '481 patent"), attached as Exhibit G to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 14. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 14 of the Complaint, and on that basis denies them.

    15. Cooper admits that on its face, United States Patent No. D545,482 S ("the '482 patent"), attached as Exhibit H to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 15. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16. Cooper admits that on its face, United States Patent No. D545,483 S ("the '483 patent"), attached as Exhibit I to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 16. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17. Cooper admits that on its face, United States Patent No. D545,991 S ("the '991 patent"), attached as Exhibit J to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 17. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18. Cooper admits that on its face, United States Patent No. D545,992 S ("the '5,992 patent"), attached as Exhibit K to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 18. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 18 of the Complaint, and on that basis denies them.

19. Cooper admits that on its face, United States Patent No. D545,993 S ("the '5,993 patent"), attached as Exhibit L to the Complaint, has the issuance date, title, inventors, and assignee alleged in Paragraph 19. Cooper lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 49 of the Complaint as though fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 59 of the Complaint as though fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 64 of the Complaint as though fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 69 of the Complaint as though fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Cooper repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 74 of the Complaint as though fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Cooper denies that Acuity is entitled to the relief requested in its "Prayer For Relief" or any relief whatsoever.

Cooper asserts the following affirmative defenses. By raising these Affirmative Defenses, Cooper does not assume any burden of proof otherwise borne by Acuity.

### FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

Cooper does not infringe any valid claim of the '192 patent, '468 patent, the '633 patent, the '634 patent, the '4,992 patent, the '4,993 patent, the '481 patent, the '482 patent, the '483 patent, the '991 patent, the '5,992 patent, and the '5,993 patent (collectively, "the Patents").

### SECOND AFFIRMATIVE DEFENSE

(Invalidity)

The claims of the Patents are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §101 *et seq.*, including §§102, 103, 112 and 171.

### THIRD AFFIRMATIVE DEFENSE

(Failure To Mark)

Acuity's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. §287.

### FOURTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Cooper will rely on any and all further defenses that become available or appear during discovery or other proceedings, and specifically reserves the right to amend this Answer to assert any such additional affirmative defenses.

WHEREFORE, Cooper seeks an order dismissing the Complaint with prejudice, awarding Cooper its costs and reasonable attorneys fees under 35 U.S.C. §285, and granting Cooper such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cooper demands a jury trial on all issues so triable in this case.

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS, LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: September 13, 2007
818736

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants
Cooper Industries, Inc. and
Cooper Lighting, Inc.*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on September 13, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com