IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACUITY BRANDS, INC. and ACUITY BRANDS LIGHTING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-444-*** |
| COOPER INDUSTRIES, INC. and COOPER LIGHTING, INC., | ) ) ) | |
| Defendants. | ) | |

**ACUITY'S ANSWERING BRIEF IN OPPOSITION TO COOPER'S MOTION TO
<u>TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiffs Acuity Brands, Inc. and
  Acuity Brands Lighting, Inc.*

October 1, 2007

i.

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 4 |
|     I.    ACUITY'S CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE AND SHOULD NOT BE LIGHTLY DISTURBED | 4 |
|     II.    COOPER HAS NOT ESTABLISHED THAT LITIGATING IN DELAWARE POSES A UNIQUE OR UNUSUAL BURDEN TO ITS OPERATIONS | 5 |
|         A.    By Incorporating In Delaware, Cooper Voluntarily Exposed Itself To The Risk Of Suit Here | 6 |
|         B.    Litigating In Delaware Does Not Pose A Unique Or Unusual Burden To Cooper | 7 |
|     III.    THE PUBLIC INTEREST FACTORS DO NOT SUPPORT TRANSFER | 10 |
|         A.    Patent Litigation Does Not Implicate Local Interests | 10 |
|         B.    The Speed Of The Docket In The Northern District of Georgia Is Only "Comparably Fast" | 12 |
|         C.    This Court Has A National Reputation For Expeditious And Insightful Handling Of Patent Cases | 12 |
| CONCLUSION | 13 |

ii.

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*3Com Corp. v. D-Link Sys., Inc.*,
   C.A. No. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003) ............ 7

*Ace Capital v. Varadam Foundation*,
   392 F. Supp. 2d 671 (D. Del. 2005) ............ 6, 8, 12

*ADE Corp. v. KLA-Tencor Corp.*,
   138 F. Supp. 2d 565 (D. Del. 2001) ............ 7, 9

*Alloc, Inc. v. Unlin Décor N.V.*,
   C.A. No. 03-253-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006) ............ 10

*Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*,
   C.A. No. 06-259-MPT, 2007 WL 924520 (D. Del. Mar. 27, 2007) ............ Passim

*APV North America, Inc. v. Sig Simonazzi North America, Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002) ............ 10

*ARGOS v. Orthotec LLC*,
   304 F. Supp. 2d 591 (D. Del. 2004) ............ 5, 7

*Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.*,
   C.A. No. 97-501-MMS, 1998 WL 24354 (D. Del. Jan. 6, 1998) ............ 10, 13

*Berrios v. Sprint Corp.*,
   C.A. No. 97-0081-CPS, 1997 WL 777945 (E.D.N.Y. 1997) ............ 2

*C.R. Bard Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998) ............ 9

*Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*,
   265 F. Supp. 2d 445 (D. Del. 2003) ............ 11

*Critikon, Inc. v. Becton Dickinson Vascular Access Inc.*,
   821 F. Supp. 962 (D. Del. 1993) ............ 6

*Cypress Semiconductor Corp. v. Integrated Circuits Sys., Inc.*,
   C.A. No. 01-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ............ 9, 10, 13

*Jones Pharma, Inc. v. KV Pharmaceutical Co.*,
   C.A. No. 03-786-JJF, 2004 WL 323109 (D. Del. Feb. 17, 2004) ............ 9

iii.

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................................ 5, 8

*Nice Sys., Inc. v. Witness Sys., Inc.*,
   C.A. No. 06-311-JJF, 2006 WL 2946179 (D. Del. Oct. 12, 2006) ........................... 4, 8, 11

*Schering Corp. v. Amgen Inc.*,
   969 F. Supp. 258 (D. Del. 1997) .................................................................................... 12

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) .............................................................................................. 4

*Sumito Mitsubishi Silicon Corp. v. MEMC Electronic Materials, Inc.*,
   C.A. No. 04-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) ............................... 10

*Textron Innovations, Inc. v. Toro Co.*,
   C.A. No. 05-486-GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005) ......................... 5, 9, 11

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,
   C.A. No. 04-360-JJF, 2005 WL 441077 (D. Del. Feb. 15, 2005) .................................... 8

*Tsoukanelis v. Country Pure Foods, Inc.*,
   337 F. Supp. 2d 600 (D. Del. 2004) ................................................................................ 6

*Turn of the Century Solution, L.P. v. Int'l Rectifer Corp.*,
   C.A. No. 05-816-SLR, 2006 WL 1653143 (D. Del. June 15, 2006) ..................... 4, 6, 9, 12

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*,
   775 F. Supp. 759 (D. Del. 1991) ..................................................................................... 6

1.

## INTRODUCTION

This is a patent infringement dispute involving patented fluorescent light fixtures that are sold throughout the United States -- including in Delaware.  Plaintiffs Acuity Brands, Inc. ("Acuity Brands") and Acuity Brands Lighting, Inc. ("Acuity Lighting") (collectively, "Acuity") chose this forum because all the parties are incorporated here, the infringing products are sold here, and because of this Court's national reputation for the expeditious and insightful handling of patent disputes.  Because Acuity had rational and legitimate reasons for filing suit in Delaware, its choice of forum is entitled to substantial deference and should not be lightly disturbed.

Defendants Cooper Lighting, Inc. ("Cooper Lighting") and Cooper Industries, Inc. ("Cooper Industries") (collectively, "Cooper") seek to transfer this action to the Northern District of Georgia, because it is supposedly a "more convenient" forum.  Having availed itself of the benefits of incorporating in Delaware, Cooper cannot base a motion to transfer merely on the fact that another forum is arguably more convenient.  Instead, Cooper must show that litigating in its state of incorporation will pose a unique, unusual and unexpected burden to its operations.  Cooper has made no such showing.  Indeed, Cooper has not identified a single witness or document that will be unavailable for trial in this Court.

Cooper's motion to transfer should be denied.

## NATURE AND STAGE OF THE PROCEEDING

Acuity filed this action on July 17, 2007, alleging that Cooper's *accord*™ series of fluorescent light fixtures infringe twelve patents owned by Acuity (D.I. 1).  Cooper filed its Answer on September 13, 2007 (D.I. 10).  Cooper admitted that venue is "not improper" in this

2.

forum (*id.*, ¶ 7), but nevertheless moved to transfer this case to the Northern District of Georgia (D.I. 11). This is Acuity's Answering Brief in opposition to Cooper's motion to transfer.

## STATEMENT OF FACTS

Plaintiff Acuity Brands is a Delaware corporation with its principal place of business in Atlanta, Georgia (D.I. 1, ¶ 1). Plaintiff Acuity Lighting is a Delaware corporation with its principal place of business in Conyers, Georgia (*id.*, ¶ 2). Acuity Lighting is a wholly-owned subsidiary of Acuity Brands (*id.*).

Acuity Lighting is "one of the world's leading providers of lighting fixtures" (Smith Decl., Ex. A at 18). In the fiscal year ending August 31, 2006, Acuity Lighting reported net sales of approximately $1.84 billion (*id.* at 23). Acuity Lighting has invested significant amounts of resources into the development of "volumetric" lighting (which has become the new standard in fluorescent lighting), and the marketing of its RT5™ light fixtures, which are covered by the patents in suit. *See* Smith Decl., Exs. B & C.

Defendant Cooper Lighting is a Delaware corporation with offices in Peachtree City, Georgia (D.I. 1, ¶ 4). Defendant Cooper Industries is a Delaware corporation with offices in Houston, Texas (*id.*, ¶ 3).[1] Cooper Lighting offers for sale and sells the accused products -- its *accord*™ series of light fixtures -- in direct competition with Acuity's RT5™ fixtures. *See* Smith Decl., Ex. D.

---

[1] Cooper suggests (without filing a formal motion) that the Court should "drop" Cooper Industries from this action, because it is a "mis-joined nameholder entity only" (D.I. 12 at 8 & n.1). Acuity should be permitted to take discovery concerning Cooper's infringing activities, and Cooper should be required to file a formal motion, before the Court addresses this issue. *See Berrios v. Sprint Corp.*, C.A. No. 97-0081-CPS, 1997 WL 777945, *4 (E.D.N.Y. 1997) (denying Rule 21 motion and stating that "[a]fter discovery, Sprint Corporation may move for summary judgment if it is entitled as a matter of law and no genuine factual disputes emerge").

3.

Cooper Lighting is a subsidiary of Cooper Industries, Ltd., which "manufactures, markets and sells its products and provides services throughout the world," and "has manufacturing facilities in 21 countries and . . . employs approximately 31,000 people" (Smith Decl., Ex. E at 2). In 2006, Cooper Industries, Ltd. had revenues of $5.2 billion (*id.* at 15). The Electrical Products segment (which includes Cooper Lighting) accounted for $4.4 billion of that revenue (*id.* at 21).

In its 2006 Annual Report, Cooper Lighting emphasized that it sells its light fixtures to customers "worldwide," and that it had doubled its growth through several "key global customer wins," which grew its "international presence":

> Cooper Lighting® is an industry-leading manufacturer of high-quality, innovative lighting solutions for commercial, industrial, institutional, residential and retail customers **worldwide**. . . .
>
> HIGHLIGHTS
>
> \*   \*   \*
>
> ➢ Focused solution-selling strategy more than doubled growth through key **global** customer wins.
>
> ➢ Grew **international** presence as result of expanded market penetration in China, the Middle East, and Latin America.

Smith Decl., Ex. F at 6 (emphasis added).

A search on Cooper's website (www.cooperlighting.com) indicates that its light fixtures are available for purchase throughout the State of Delaware. Cooper's light fixtures are available for purchase at 16 different retail locations in the State of Delaware -- including three different Home Depot locations and five different Lowes locations (Smith Decl., Ex. G). Cooper's light fixtures are also available for purchase at 18 different wholesale locations across the State of Delaware (*id.*, Ex. H).

4.

## ARGUMENT

### I. ACUITY'S CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE AND SHOULD NOT BE LIGHTLY DISTURBED

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice '. . . should not be lightly disturbed.'" *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, . . . and '. . . unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" *Id.*; *see also Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, C.A. No. 06-259-MPT, 2007 WL 924520, *7 (D. Del. Mar. 27, 2007).

"The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason." *Turn of the Century Solution, L.P. v. Int'l Rectifer Corp.*, C.A. No. 05-816-SLR, 2006 WL 1653143, *2 (D. Del. June 15, 2006). "A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state." *Amgen*, 2007 WL 924520, at *7 (quoting *Stratos Lightwave, Inc. v. E20 Communications, Inc.*, C.A. No. 01-309-JJF, 2002 WL 500920, *7 (D. Del. Mar. 26, 2002)); *see also Nice Sys., Inc. v. Witness Sys., Inc.*, C.A. No. 06-311-JJF, 2006 WL 2946179, *2 (D. Del. Oct. 12, 2006).

The fact that Cooper is also incorporated in Delaware and selling the infringing products here are additional rational and legitimate reasons for Acuity to choose to litigate in this forum. *See Textron Innovations, Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2005 WL 2620196, *2 (D. Del. Oct. 14, 2005) ("[T]he fact that [defendant] is incorporated in Delaware is a rational and legitimate reason for [plaintiff] choosing to sue it in Delaware").

5.

Because Acuity had rational and legitimate reasons for filing suit here, Acuity's choice of forum must be given substantial deference and should not be "lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also ARGOS v. Orthotec LLC*, 304 F. Supp. 2d 591, 598 (D. Del. 2004) ("[T]ransfer is not to be liberally granted . . . .").[2]

## II. COOPER HAS NOT ESTABLISHED THAT LITIGATING IN DELAWARE POSES A UNIQUE OR UNUSUAL BURDEN TO ITS OPERATIONS

Cooper argues that transfer is appropriate "because the Northern District of Georgia is plainly a more convenient forum for this action" (D.I. 12 at 1). That is not the test, however. To succeed on its motion to transfer, Cooper must prove that litigating in Delaware -- its state of incorporation -- "would pose a unique or unusual burden on its operations." *Amgen*, 2007 WL 924520, at *7 (quoting *Ace Capital v. Varadam Foundation*, 392 F. Supp. 2d 671, 673 (D. Del. 2005)).

Having chosen to incorporate in Delaware, Cooper cannot establish that transfer is appropriate by merely arguing that another forum might be more convenient. "Defendant voluntarily chose to incorporate in Delaware and avail itself of the laws of this State. As such, defendant cannot now claim that litigation in Delaware is too burdensome and warrants a transfer of venue without putting forth more than the argument that [another forum] is a more convenient forum for it." *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 604 (D. Del. 2004).

---

[2] Cooper makes much of the fact that Acuity "regularly choose[s] to litigate in Atlanta" (D.I. 12 at 1). Cooper points to no authority, however, suggesting that Acuity's choice of forum in this case is entitled to less deference, because it has filed other suits in different fora.

6.

      A.      **By Incorporating In Delaware, Cooper Voluntarily Exposed Itself To The Risk Of Suit Here**

Cooper assumed the risk that it might be sued here. "[A]s corporate citizens of Delaware, both the corporation and its management must anticipate the possibility of being hauled into court here. . . . This Court believes that it is fair to hold a domestic corporation accountable in this district for alleged illegal activity that has resulted in harm to another domestic corporation." *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 766 (D. Del. 1991); *see also Turn of the Century Solution*, 2006 WL 1653143, at *3 ("[D]efendant's complaints about litigating here are outweighed by the fact that [it] has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction.").

In *Critikon, Inc. v. Becton Dickinson Vascular Access Inc.*, 821 F. Supp. 962, 965 (D. Del. 1993), the Court explained that the fact that a defendant is incorporated in Delaware is a fact that should not be "disregarded lightly" in a transfer analysis:

> [T]he fact that BDVA incorporated in Delaware should not be disregarded lightly. By incorporating in Delaware, it can be assumed that BDVA desired the benefits it believed Delaware provides to chartered corporations. BDVA chose Delaware as its legal home and should not now complain that another corporation has decided to sue BDVA in Delaware.

*See also Amgen*, 2007 WL 924520, at *7 ("ARIAD and Amgen are Delaware corporations, and as such, can reasonably anticipate being hailed into a Delaware court."); *ARGOS*, 304 F. Supp. 2d at 598 ("Given Orthotec's choice for incorporation, the court finds that it voluntarily exposed itself to the possibility of litigation in Delaware.").

"[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp.*

7.

*v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). Cooper has made no showing that litigating in Delaware poses a unique or unexpected burden.[3]

        B.        Litigating In Delaware Does Not Pose A Unique Or Unusual Burden To Cooper

Cooper argues that "the Northern District of Georgia is plainly a more convenient forum" (D.I. 12 at 1). Cooper does not argue, however, that litigating in Delaware will pose a unique or unusual burden to its operations, or that it is not capable of litigating in this forum. Moreover, Cooper has not identified any witnesses or documents that would be unavailable for trial in Delaware. *See, e.g., Jumara*, 55 F.3d at 879 (noting that "convenience of witnesses" is a factor in the transfer analysis, "but only to the extent that witnesses may actually be unavailable for trial in one of the fora"); *Ace Capital*, 392 F. Supp. 2d at 676 (denying transfer because defendants had not "specifically indicated any witnesses who would be unable or unwilling to appear in Delaware, nor any documents that would be too burdensome to ship to Delaware").

Cooper argues, for example, that "all the party-employees who will be involved in this litigation are located in Georgia" (D.I. 12 at 10). Employee witnesses, however, are not relevant to the transfer analysis. *See Nice Sys.*, 2006 WL 2946179, at *2 ("Employee witnesses . . . are not part of the analysis . . . because they are presumed willing to testify at trial."); *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, C.A. No. 04-360-JJF, 2005 WL 441077, *3

---

[3]    Cooper argues that "[i]n terms of analyzing the convenience factors, this case is nearly identical to *3Com Corp. v. D-Link Sys., Inc.*, C.A. No. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003)" (D.I. 12 at 9-10). That is incorrect. Unlike Cooper, the defendant in that case was not incorporated in Delaware and had not chosen to avail itself of the benefits of incorporating in Delaware. *See* 2003 WL 1966438, at *1 ("D-Link is a California corporation with its sole place of business in Irvine, California.").

8.

(D. Del. Feb. 15, 2005) ("[P]arty witnesses . . . carry no weight in the 'balance of conveniences' analysis since each party is able to procure the attendance of its own employees.").

Cooper also argues that "[t]hird-party witnesses, including the only known witness that can testify about a key piece of prior art . . . , are located in northern Georgia . . ." (D.I. 12 at 1). The convenience of third-party witnesses is relevant, however, only if defendant makes an affirmative showing that the witnesses would be unavailable for trial, would be unwilling to testify, or are not subject to compulsory process in Delaware. *See, e.g., Amgen*, 2007 WL 924520, at *8 (denying motion to transfer because defendant had "not shown that the proposed witnesses would be unavailable for trial in this forum"); *Nice Sys.*, 2006 WL 2946179, at *2 ("The convenience of the witnesses is only relevant to the extent they would be unavailable for trial in the forum."). Cooper has not established that any third-party witnesses would be unavailable for trial in Delaware.

Finally, Cooper argues that relevant documents are located in Georgia (D.I. 12 at 12). Cooper does not argue, however, that the documents could not be produced or would be unavailable in Delaware. *See Jones Pharma, Inc. v. KV Pharmaceutical Co.*, C.A. No. 03-786-JJF, 2004 WL 323109, *2 (D. Del. Feb. 17, 2004) ("[Defendant] does not contend that [books and records] could not be produced or would be unavailable in Delaware."); *Cypress Semiconductor Corp. v. Integrated Circuits Sys., Inc.*, C.A. No. 01-199-SLR, 2001 WL 1617186, *3 (D. Del. Nov. 28, 2001) ("[Defendant] has not identified any particular piece of evidence or document that would be especially difficult to transport to Delaware."); *Textron*, 2005 WL 2620196, at *2 ("Toro does not suggest that its documents could not be produced in Delaware.").

It is not surprising that Cooper cannot establish that litigating in Delaware poses a unique or unusual burden to its operations. As this Court has observed, "[t]he current state of

9.

technology makes it more difficult for defendants to argue that litigating in Delaware is inconvenient for the parties and witnesses." *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *see also Turn of the Century Solution*, 2006 WL 1653143, at *3 ("[T]ravel expenses and inconveniences incurred . . . by a Delaware defendant conducting world-wide business is not overly burdensome."); *Textron*, 2005 WL 2620196, at *2 ("[A] flight to Delaware is not an onerous task warranting transfer.").

Indeed, discovery can occur anywhere, and in all likelihood, the only time anyone other than a party's attorneys will need to travel to Delaware is for trial. *See Turn of the Century Solution*, 2006 WL 1653143, at *3 ("[D]iscovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial."); *ADE*, 138 F. Supp. 2d at 571 ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transfer them 30 miles.").

Moreover, the cost of litigating in Delaware is not a unique or unusual burden for a company, like Cooper, that operates on a "national or worldwide scale" with millions (if not, billions) of dollars of revenue:

> The undisputed record reflects that all parties are national corporations with millions of dollars in annual revenue. Likewise, both plaintiff and defendant are corporations that operate on a national or worldwide scale. In view of this status, convenience based on expense is uncompelling . . . .

*Cypress Semiconductor*, 2001 WL 1617186, at *4; *see also Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.*, C.A. No. 97-501-MMS, 1998 WL 24354, *5 (D. Del. Jan. 6, 1998) ("[B]oth parties are national corporations with revenues in the millions of dollars. . . . As such, the relative economic burden to Biosite in litigating in Delaware is minimal.").

10.

Because Cooper has not established that litigating in Delaware will pose any unique or unusual burden to its operations, Cooper's motion to transfer should be denied.[4]

### III.  THE PUBLIC INTEREST FACTORS DO NOT SUPPORT TRANSFER

Cooper argues that a number of public interest factors support its motion to transfer. Cooper argues that: (1) the Northern District of Georgia has a greater interest in the outcome of this litigation; (2) the speed of the docket in the Northern District of Georgia is comparable to this Court's docket; and (3) the Northern District of Georgia has adopted local rules for patent litigation. None of those arguments support transferring this action.

#### A.  Patent Litigation Does Not Implicate Local Interests

Cooper seeks to portray this litigation as a local dispute between two Atlanta-area businesses, arguing that "[t]he Northern District of Georgia . . . has a significantly greater interest in the outcome of this litigation because Acuity and Cooper Lighting's businesses are headquartered there . . . . The Northern District of Georgia should, therefore, be given the opportunity to resolve a dispute of local interest between two local businesses" (D.I. 12 at 13).

---

[4] Unlike several of the cases cited by Cooper (D.I. 12 at 8-9), this is not a case where transfer is appropriate based on related litigation pending in a transferee forum. *See Alloc, Inc. v. Unlin Décor N.V.*, C.A. No. 03-253-GMS, 2006 WL 3050815, *3 (D. Del. Oct. 26, 2006) ("Discovery has already begun in the Wisconsin Action, which was filed before Alloc initiated these lawsuits, and involves the same patents."); *Sumito Mitsubishi Silicon Corp. v. MEMC Electronic Materials, Inc.*, C.A. No. 04-852-SLR, 2005 WL 735880, *3 (D. Del. Mar. 30, 2005) ("The court in the Northern District [of California] Litigation has considered and ruled on many of the issues presented by plaintiffs' amended complaint."); *APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F. Supp. 2d 393, 399 (D. Del. 2002) ("Given the progress of the Texas action and the deadlines set by the Texas court, the Court believes that allowing this action to proceed in Delaware would duplicate the parties' efforts and expenses, thereby reducing efficiency overall.").

11.

As this Court has made clear, however, patent infringement is a national issue, and does not implicate local interests. "It is well settled that patent rights are not considered state or local matters and do not implicate local interests." *Textron*, 2005 WL 2620196, at *3; *see also Nice Sys.*, 2006 WL 2946179, at *3 ("The instant action is a patent infringement case and patent rights generally do not give rise to a local controversy or implicate local interests."); *Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*, 265 F. Supp. 2d 445, 451 (D. Del. 2003) ("The alleged infringement is not focused in any one jurisdiction; it is allegedly occurring throughout the United States.").

In *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997), the Court denied a motion to transfer, finding that the argument that a patent infringement dispute was a local controversy was "disingenuous" (emphasis added):

> Emphasizing it is headquartered in California and has laboratory facilities in that state, Amgen argues the public interests favor transfer to the Central District of California. Amgen has also noted that much of the events giving rise to this litigation took place in California, and Delaware has little or no meaningful connection to this dispute. **This characterization of the nature of the dispute is disingenuous, however. First, although headquartered in California, Amgen is a Delaware corporation.** More significant, however, is the nature of the dispute in this case. Intron A, which is allegedly developed from the patented product, is sold internationally and generates millions of dollars in revenues. **The dispute over the '901 patent can hardly be described as a local California controversy, or implicating public policies unique to California.**

In any event, as this Court has made clear, "Delaware has a substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware corporations." *Amgen*, 2007 WL 924520, at *7; *see also Ace Capital*, 392 F. Supp. 2d at 676 ("Delaware has an interest in litigation regarding companies incorporated within its jurisdiction"). Both Acuity and Cooper are corporations organized under the laws of the State of Delaware, and "the state has an

12.

interest in litigation regarding companies incorporated within its jurisdiction." *Turn of the Century Solution*, 2006 WL 1653143, at *3.

### B. The Speed Of The Docket In The Northern District of Georgia Is Only "Comparably Fast"

The most that Cooper can say about the relative congestion of the dockets is that "the Northern District of Georgia and the District of Delaware have comparably fast dockets" (D.I. 12 at 6). This does not support a motion to transfer. Indeed, the statistics cited by Cooper actually indicate that the time to trial is faster in the District of Delaware, than in the Northern District of Georgia. In 2006, the median time to trial in the District of Delaware was 26.0 months, and the median time to trial in the Northern District of Georgia was 31.0 months (D.I. 13, Ex. E).

### C. This Court Has A National Reputation For Expeditious And Insightful Handling Of Patent Cases

Cooper also argues that the Northern District of Georgia "has adopted a detailed set of patent-specific local rules designed to expeditiously address the issues that arise in patent cases" (D.I. 12 at 2). This Court, of course, has its own national reputation for the expeditious and insightful handling of patent cases. *See, e.g., Cypress Semiconductor*, 2001 WL 1617186, at *5 (noting that plaintiff chose to file "in Delaware because the court is noted for its efficient docket and its expertise in complex civil litigation"); *Bering Diagnostics*, 1998 WL 24354 at *4 ("[T]he fact that Behring's counsel has had previously good experiences with mediation in this district with Magistrate Judge Trostle cannot be said to be an illegitimate or irrational reason to pick the Delaware forum.").

13.

## CONCLUSION

For the foregoing reasons, Cooper's motion to transfer should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Rodger D. Smith II (#3778)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiffs Acuity Brands, Inc. and*
  *Acuity Brands Lighting, Inc.*

October 1, 2007

1235069

**CERTIFICATE OF SERVICE**

   I, Rodger D. Smith, hereby certify that on October 1, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Philip A. Rovner, Esquire
> POTTER ANDERSON & CORROON LLP

   I also certify that copies were caused to be served on October 1, 2007, upon the following in the manner indicated:

**BY EMAIL AND HAND DELIVERY**

> Philip A. Rovner, Esquire
> POTTER ANDERSON & CORROON LLP
> 1313 N. Market Street
> P.O. Box 951
> Wilmington, DE  19899
> provner@potteranderson.com

**BY EMAIL**

> David S. Foster, Esquire
> Latham & Watkins LLP
> Sears Tower, Suite 5800
> 233 South Wacker Drive
> Chicago, IL  60606
> david.foster@lw.com

> */s/ Rodger D. Smith II (#3778)*
> Rodger D. Smith II (#3778)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com
> *Attorneys for Plaintiffs Acuity Brands, Inc. and*
> *Acuity Brands Lighting, Inc.*