IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC. and<br>ACUITY BRANDS LIGHTING, INC., | )<br>)<br>) C.A. No. 07-444-*** |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| COOPER INDUSTRIES, INC. and<br>COOPER LIGHTING, INC., | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
<u>MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: October 11, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants
Cooper Industries, Inc. and
Cooper Lighting, Inc.*

# **TABLE OF CONTENTS**

I.   Introduction...........................................................................................................................1

II.  Argument ..............................................................................................................................2

    A.   The Facts Supporting Transfer Are Uncontroverted. ...............................................2

    B.   A Complete Weighing Of The Private And Public Interest Factors Is Required, Even Where The Parties Are Incorporated In Delaware.........................3

    C.   The Private And Public Interest Factors Strongly Favor Transfer And Overcome The Parties' Incorporation In Delaware. ................................................4

III. Conclusion ............................................................................................................................9

## TABLE OF AUTHORITIES

**CASES**

*Affymetrix v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998) .................................................................. 3, 4, 5, 6, 7, 8

*Amgen, Inc. v. Ariad Pharm., Inc.*,
  No. CA 06-259-MPT, 2007 WL 924520 (D. Del. 2007) ............................................... 6

*Arrow Comm'n Labs., Inc. v. John Mezzalingua Assocs.*,
  No. C.A. 05-357-SLR, 2005 WL 2786691 (D. Del. 2005) .................................. 3, 4, 7, 8

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) .............................................................................................. 3

*Mentor Graphics v. Quickturn Design Systems*,
  77 F. Supp. 2d 505 (D. Del. 1999) .................................................................................. 3

*Nilssen v. Osram Sylvania*,
  C.A. No. 00-695-JJF, 2001 WL 34368395 (D. Del. 2001) ..................................... 3, 5, 6

*Sherwood Medical Co. v. IVAC Med. Sys.*,
  No. C.A. 96-305-MMS, 1996 WL 700621 (D. Del. 1996) ............................................. 3

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ........................................................................................................ 4

**STATUTES**

28 U.S.C. § 1404(a) ................................................................................................. 1, 3, 4, 8

**RULES**

Fed. R. Civ. P. 21 ................................................................................................................ 2

I.   **Introduction**

Plaintiffs dispute none of the facts supporting transfer of this case to Georgia. Specifically, they do not challenge that (a) the only appropriate parties are located in the Atlanta-area; (b) the patented technology was developed in northern Georgia by mostly northern Georgia inventors; (c) the accused product is manufactured just hours away in Americus, Georgia; (d) virtually all of the witnesses – including a number of third-party witnesses not subject to the subpoena power of this Court – are located in northern Georgia; and (e) essentially all of the documents and evidence are located in northern Georgia.

Having conceded all this, plaintiffs do not and cannot dispute that the Northern District of Georgia is a far more convenient forum. Instead, they argue that because the parties are incorporated in Delaware, the convenience of a Georgia forum does not matter. This is not the law. As with any § 1404(a) motion, all relevant private and public interest factors must be weighed so as to avoid waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Where those factors weigh sufficiently in favor of transfer, transfer is appropriate notwithstanding the parties' incorporation in Delaware.

This is a rare and unusual case where the only appropriate parties – though incorporated in Delaware – are essentially neighbors in a distant jurisdiction, with virtually every pertinent activity having occurred there, and virtually every witness and piece of evidence being located there. Under these circumstances, the parties' Delaware incorporation is outweighed by the overwhelming weight of private and public interest factors supporting transfer. Because this case is uniquely centered in the Northern District of Georgia, defendants respectfully request transfer there pursuant to § 1404(a).

II. **Argument**

    A. **The Facts Supporting Transfer Are Uncontroverted.**

Defendants' opening brief set out a detailed factual record demonstrating that every aspect of this dispute is centered in the Northern District of Georgia (D.I. 12 at 7-17). Plaintiffs' answering brief (D.I. 19) contests none of this, including that:

- Cooper Lighting, Inc. – the only appropriate defendant[1] – runs its operations out of its suburban Atlanta headquarters, manufactures the accused product in Americus, Georgia and has no facilities or employees in Delaware;

- Acuity Brands, Inc. is located in Atlanta, Georgia and its lighting subsidiary, Acuity Brands Lighting, Inc. is located in an Atlanta suburb, maintains manufacturing, distribution, and research and development facilities in Georgia and is believed to have no facilities or employees in Delaware;

- A number of significant third-party witnesses reside in the Atlanta area, including the only witness who can testify about a key piece of prior art never disclosed to the PTO;

- Virtually all the evidence likely to be relevant to this case is located in Georgia;

- Plaintiffs regularly choose to litigate in the Northern District of Georgia, including the last time they brought a patent suit against defendants;

- The Northern District of Georgia has a comparably fast docket, and has a set of patent-specific local rules providing for prompt and orderly handling of the infringement, validity and claim construction issues so important in a patent case.

Not only do plaintiffs not dispute these facts, they also offer no facts of their own to suggest a meaningful connection between Delaware and this lawsuit.[2] Plaintiffs thus concede that the only specific link between their case and this forum is the parties' state of incorporation.

---

[1] Plaintiffs do not dispute that Cooper Industries, Inc. is a mis-joined party. Indeed, they make no effort whatsoever to suggest any basis for naming Cooper Industries, Inc. in this suit. Under these circumstances, the Court has broad discretion to drop Cooper Industries, Inc. under Fed. R. Civ. P. 21 (D.I. 12 at 8 n.1).

[2] Plaintiffs do note that the accused products – which are sold throughout the U.S. – are sold in Delaware (D.I. 19 at 1, 4). But where, as here, "Defendants' products are sold nationwide," Delaware "does not have any special 'connection' to the case that would weigh against the

### B. A Complete Weighing Of The Private And Public Interest Factors Is Required, Even Where The Parties Are Incorporated In Delaware.

Contrary to plaintiffs' assertion, the parties' Delaware incorporation "is certainly not dispositive" in deciding a motion to transfer. *Mentor Graphics v. Quickturn Design Systems*, 77 F. Supp. 2d 505, 509 n.6 (D. Del. 1999); *see also, e.g., Arrow Comm'n Labs., Inc. v. John Mezzalingua Assocs.*, No. C.A. 05-357-SLR, 2005 WL 2786691 at *2-*4 (D. Del. 2005) (granting motion to transfer despite defendant being incorporated in Delaware); *Affymetrix v. Synteni, Inc.*, 28 F. Supp. 2d 192, 194 (D. Del. 1998) (same); *Nilssen*, 2001 WL 34368395 at *1-*2 (same); *Sherwood Medical Co. v. IVAC Med. Sys.*, No. C.A. 96-305-MMS, 1996 WL 700621 at *1 (D. Del. 1996) (same). Regardless of the parties' state of incorporation, a complete weighing of the § 1404(a) private and public interest factors is required. *See id.*

Plaintiffs repeatedly emphasize Delaware cases calling for a moving party to prove that litigating in Delaware "would pose a unique or unusual burden on its operations" (D.I. 19 at 5). But this language does not transform the multi-factor balancing required by § 1404(a) into a single narrow "test," as plaintiffs suggest. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (courts are to "consider ***all relevant factors*** to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.") (quotation omitted).[3] Indeed, the Delaware courts citing this "unique and unusual" language still weigh the § 1404 private and public interest factors, and transfer the case where the balance of convenience "strongly" favors doing so. *See, e.g., Arrow Comm'n.*, 2005 WL 2786691 at *1, *4 (referencing the "unique and unusual burden" language, but proceeding to consider and apply all § 1404 factors and transferring the case because "[o]n

---

requested transfer." *Nilssen v. Osram Sylvania*, C.A. No. 00-695-JJF, 2001 WL 34368395 at *2 n. 4 (D. Del. 2001).

[3] Bold and italics emphasis added throughout brief unless otherwise indicated.

balance, the court finds that the public interest factors and private interest factors weigh strongly in favor of transferring venue.").

The bottom line is that Delaware incorporation is relevant, but it does not end the § 1404 inquiry. Each case must be decided on its own facts after a careful weighing of the private and public interest factors so as "to avoid the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted). In the unusual cases where (as here) every other factor not only points *away* from Delaware, but points *toward* a single convenient jurisdiction, the weight given to the parties' state of incorporation must give way to the other private and public interest factors so as to protect the parties, the public and the Court from needlessly wasting time, energy and money. *See Affymetrix*, 28 F. Supp. 2d at 202-03, 208-09; *Arrow Comm'n.*, 2005 WL 2786691 at *3-*4.

### C.  The Private And Public Interest Factors Strongly Favor Transfer And Overcome The Parties' Incorporation In Delaware.

This is a rare and unusual case. There are many cases in which parties incorporated in Delaware and residing in various parts of the country argue about how the private and public interest factors should be weighed so as to account properly for the convenience of one side versus the other. Rare, however, is the case in which the parties are essentially neighbors in a distant jurisdiction, with virtually every pertinent activity having occurred there, and virtually every witness and piece of evidence being located there.

In their opening brief, defendants demonstrated how – under these unusual circumstances – the private and public interest factors of § 1404(a) strongly favor transfer to the Northern District of Georgia (D.I. 12 at 3-13). Those factors include the substantial net increase in convenience – for everyone involved – of trying the case in the hometown of all of the parties,

4

the hometown of virtually all of the witnesses (including third-party witnesses), and the location of virtually all of the documents and other evidence (D.I. 12 at 10-12). They also include the fact that there is no venue with a stronger interest in resolving a dispute between two Atlanta-based companies than the Northern District of Georgia, and there is no reason to believe that transfer would decrease the speed or reduce the level of thoughtfulness that would go into deciding this matter (D.I. 12 at 12-13).

Plaintiffs do not and cannot deny that the Northern District of Georgia is a significantly more convenient forum for this case. Indeed, they regularly choose to litigate in that forum, including in patent litigation against these same defendants (D.I. 12 at 6-7). Instead of denying this fundamental point, they try to pick around the edges by arguing, for example, that defendants have significant revenue and thus can supposedly afford to litigate anywhere (D.I. 19 at 9). Aside from being a tacit admission that litigating in Delaware will indeed be more expensive and less convenient for all the parties, the fact that a party may have significant revenues does not eliminate the increased convenience that can be attained by transferring to a more appropriate forum. *See Nilssen*, 2001 WL 34368395 at *2 (convenience of parties factor not eliminated despite the fact that defendants were "large companies that [were] financially capable of litigating in a distant forum"). This is particularly true where (as here) the new forum is not simply more convenient for one party, but more convenient for all parties. *See Affymetrix*, 28 F. Supp. 2d at 202-03.

Similarly, with respect to the convenience of witnesses, plaintiffs contend that defendants have not affirmatively shown the unavailability of third-party witnesses for trial in Delaware (D.I. 19 at 8). But the law is that a moving party "need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer if the witness is not

5

subject to [the] court's subpoena power." *See, e.g., Nilssen*, 2001 WL 3468395 at *2-*3 (rejecting the claim that the "[d]efendants have not alleged that any witnesses actually will be unavailable for trial"). Defendants established – and it is undisputed – that the three witnesses identified in their opening brief are non-parties, that all three reside in the Atlanta area, and that all three are therefore outside this Court's subpoena power but within the subpoena power of the Northern District of Georgia (D.I. 12 at 4-5, 11). This is all that is required.

As to the Northern District of Georgia's speed and proficiency in handling patent cases, defendants' point is that a transfer does not subject plaintiffs to a court that is uninterested in expeditiously and conscientiously addressing this case. Defendants are, of course, well aware of this Court's deserved reputation for patent expertise, but this should not weigh against transfer to a court like the Northern District of Georgia, which is also serious about the prompt and orderly handling of patent cases.[4]

The fundamental problem with plaintiffs' argument, however, is that it relies on cases lacking the critical distinguishing feature of this case – a dispute between what are essentially neighbors, where every aspect of the dispute is uniquely centered in all the parties' hometown. For example, that was certainly not the case in this Court's recent decision in *Amgen, Inc. v. Ariad Pharm., Inc.*, No. CA 06-259-MPT, 2007 WL 924520 (D. Del. 2007), where one of the parties was located in Massachusetts and the other was based in California.

The distinguishing feature of this case was, however, present in *Affymetrix*, which involved Delaware-incorporated defendants, but all parties were located nearby one another in

---

[4] Acuity quibbles about which court is faster, but it depends on which statistics are examined: For "civil case filing to disposition," Georgia is slightly faster, and for "civil case filing to trial," Delaware is slightly faster (D.I. 13 at Ex. E). Defendants' point is simply that the speed is comparable and should not weigh against transfer.

the Silicon Valley. *See Affymetrix*, 28 F. Supp. 2d at 194, 202-03. The court began by looking at the lack of connection to Delaware:

> None of the parties maintain any facilities or employ any personnel in Delaware. They manufacture none of their products (accused or otherwise) and conduct none of their research and development here. Moreover, they maintain no warehouses or other storage facilities in Delaware. Additionally, they store no relevant files, records, or other documents in the District. Finally, none of them keeps any mail drops, bank accounts, or telephone numbers in Delaware.

*See id.* at 194. The court contrasted this with the strong connection to the parties' home jurisdiction:

> The headquarters and laboratories of all three of these companies are located within roughly twenty miles of each other in the area of northern California known as Silicon Valley. Synteni and Incyte maintain all of their research laboratories, sequencing facilities, and administrative buildings in either Fremont or Palo Alto. All of their employees reside in California, and all of their records are kept there. Affymetrix maintains all of its corporate offices and research facilities in Santa Clara. All of its employees and records are located in California as well. Thus, the overwhelming majority of the witnesses whom the parties intend to call at trial as well as all of the relevant documents (including numerous laboratory notebooks) are located in the Northern District of California.

*See id.* These circumstances – coupled with the fact that certain third-party witnesses were located in California and not subject to subpoena in Delaware – were instrumental in the court's decision to transfer, despite defendants' Delaware incorporation. *See id.* at 208-09. The *Affymetrix* court noted that "despite their financial ability to litigate in the District of Delaware, transferring these two cases would reduce the costs to *all* parties involved in this litigation." *See id.* at 209 (italics emphasis in original).

The distinguishing feature of this case was also present in *Arrow Communications*, where the defendant was incorporated in Delaware, but both parties were located in the Syracuse, New York area. *Arrow Comm'n*, 2005 WL 2786691 at *1. Noting that the moving party would have

7

to show a "unique and unusual burden," the court focused on the fact that "all of [the] relevant witnesses reside in New York, all the documents and records related to the accused product are in New York, and the subject matter of the lawsuit has a significant local interest in New York." *See id.* at *4. The court further noted that "[i]n contrast, evidence suggests that the District of Delaware has no connection to the subject matter of plaintiff's lawsuit, except that the defendant is incorporated here." *See id.* The court determined that these facts were so compelling that they not only justified transfer despite the defendant's incorporation in Delaware, they constituted "exceptional circumstances" permitting the court to depart from the "first-filed rule." *See id.*

      As with *Affymetrix* and *Arrow Communications*, this is a rare and unusual case. To be sure, defendants chose to incorporate in this State and thus are subject to venue here. But § 1404 requires this Court to look beyond whether venue is merely proper and consider whether another venue is preferable "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). There can be no dispute that the Northern District of Georgia is vastly more convenient for all parties and witnesses in this case. Moreover, transfer to the Northern District of Georgia will further the interest of justice by providing a trial forum in which significant third-party witnesses can be compelled to testify by subpoena. Aside from the parties' incorporation in this State, every private and public interest factor points directly at the Northern District of Georgia as the most appropriate venue for this suit. That is precisely what § 1404 is designed to accommodate.

### III. Conclusion

For the foregoing reasons, defendants respectfully request transfer of this case to the Northern District of Georgia.

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: October 11, 2007
824956

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (# 3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants
Cooper Industries, Inc. and
Cooper Lighting, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 11, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com