IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC., <br> ACUITY BRANDS LIGHTING, INC., <br> and ABL IP HOLDING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COOPER LIGHTING, INC., <br><br> Defendant. | ) <br> ) <br> )    C.A. No. 07-444-*** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### COOPER LIGHTING'S ANSWER AND AFFIRMATIVE DEFENSES
### TO AMENDED COMPLAINT

Defendant Cooper Lighting, Inc. ("Cooper Lighting") responds to Plaintiffs Acuity Brands, Inc., Acuity Brands Lighting, Inc., and ABL IP Holding LLC's (collectively, "Acuity's") Amended Complaint (the "Complaint") as follows:

### AMENDED ANSWER

1. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4. Admitted.

5.	Cooper Lighting admits that Acuity's Complaint purports to state a claim under the patent laws of the United States.

6.	Admitted.

7.	Cooper Lighting admits that venue is not improper in this District, but affirmatively states that the Northern District of Georgia is the most convenient forum for litigating this case, as set forth in its §1404 transfer motion.

8.	Cooper Lighting admits that on its face, United States Patent No. 7,229,192 B2 ("the '192 patent"), attached as Exhibit A to the Complaint, has the issuance date, title and inventors alleged in Paragraph 8. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9.	Cooper Lighting admits that on its face, United States Patent No. D541,467 S ("the '467 patent"), attached as Exhibit B to the Complaint, has the issuance date, title and inventors alleged in Paragraph 9. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10.	Cooper Lighting admits that on its face, United States Patent No. D541,468 S ("the '468 patent"), attached as Exhibit C to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 10. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.	Cooper Lighting admits that on its face, United States Patent No. D544,633 S ("the '633 patent"), attached as Exhibit D to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 11. Cooper Lighting lacks sufficient

knowledge or information to form a belief as to the remaining allegations in Paragraph 11 of the Complaint, and on that basis denies them.

      12.    Cooper Lighting admits that on its face, United States Patent No. D544,992 S ("the '992 patent"), attached as Exhibit E to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 12. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies them.

      13.    Cooper Lighting admits that on its face, United States Patent No. D544,993 S ("the '993 patent"), attached as Exhibit F to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 13. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies them.

      14.    Cooper Lighting admits that on its face, United States Patent No. D545,481 S ("the '481 patent"), attached as Exhibit G to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 14. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 14 of the Complaint, and on that basis denies them.

      15.    Cooper Lighting admits that on its face, United States Patent No. D545,483 S ("the '483 patent"), attached as Exhibit H to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 15. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16.     Cooper Lighting admits that on its face, United States Patent No. D545,991 S ("the '991 patent"), attached as Exhibit I to the Complaint, has the issuance date, title, and inventors alleged in Paragraph 16. Cooper Lighting lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17.     Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32. Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Cooper Lighting repeats, realleges, and reincorporates by reference its answers to Paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Cooper Lighting denies that Acuity is entitled to the relief requested in its "Prayer For Relief" or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Cooper Lighting asserts the following affirmative defenses. By raising these Affirmative Defenses, Cooper Lighting does not assume any burden of proof otherwise borne by Acuity.

### FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

Cooper Lighting does not infringe any valid claim of the '192 patent, '467 patent, the '468 patent, the '633 patent, the '992 patent, the '993 patent, the '481 patent, the '483 patent, and the '991 patent (collectively, "the Patents").

6

## SECOND AFFIRMATIVE DEFENSE

(Invalidity)

The claims of the Patents are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §101 *et seq.*, including §§102, 103, 112 and 171.

## THIRD AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Cooper Lighting will rely on any and all further defenses that become available or appear during discovery or other proceedings, and specifically reserves the right to amend this Answer to assert any such additional affirmative defenses.

WHEREFORE, Cooper Lighting seeks an order dismissing the Complaint with prejudice, awarding Cooper Lighting its costs and reasonable attorneys fees under 35 U.S.C. §285, and granting Cooper Lighting such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cooper Lighting demands a jury trial on all issues so triable in this case.

OF COUNSEL:
David S. Foster
Kevin C. May
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: November 26, 2007
833608

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (# 3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Cooper Lighting, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on November 26, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com