IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC., <br> ACUITY BRANDS LIGHTING, INC., <br> and ABL IP HOLDINGS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COOPER LIGHTING, INC., <br><br> Defendant. | C.A. No. 07-444-*** |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties in this action, plaintiffs Acuity Brands, Inc., Acuity Brands Lighting, Inc., and ABL Holdings LLC (collectively, "Acuity") and defendant Cooper Lighting, Inc. (collectively, "Cooper"), believe, and the Court has determined, that good cause exists for entry of this Protective Order; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information of the parties, their affiliates or third parties; and

WHEREAS, the parties recognize that confidential information is being produced only for use in this civil action;

IT IS HEREBY STIPULATED, subject to the approval of the Court, that the following provisions of this Order shall govern the confidential information produced by a party or its affiliates to any other party or by a third party to any party in the course of this civil action:

1. The term "Confidential Information" as used in this Order includes all information and tangible things that the designating party reasonably believes constitute or disclose confidential or proprietary information of one of the parties, their affiliates or a third party. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2. The term "Highly Confidential Information" as used in this Order means the subset of "Confidential Information" that the designating party believes in good faith is entitled to heightened protection so as to prevent the party from incurring economic or competitive injury. Highly Confidential Information may include: (a) technical information that describes the party's future products; (b) internal cost, profit and other financial information; (c) internal current and future marketing plans; and (d) unpublished patent applications.

3. The term "producing party" means the party or person designating documents or information as Confidential Information or Highly Confidential Information under this Order.

4. The term "receiving party" means the party or person to whom the Confidential Information or Highly Confidential Information is disclosed.

5. Confidential Information and Highly Confidential Information shall be disclosed, disseminated and used by the receiving party only for purposes of this civil action. Except with the prior written consent of the producing party or upon prior order of this Court,

Confidential Information and Highly Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

      6.      The parties, and any third party responding to a discovery request of a party, may designate material as Confidential Information or Highly Confidential Information in the following manner:

      (a)      A producing party may designate testimony or information disclosed at a deposition, including exhibits, that contain Confidential Information or Highly Confidential Information by notifying all parties in writing, within ten (10) days after the producing party's receipt of the transcript, of the portions of the transcript that contain Confidential Information or Highly Confidential Information. Accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record only, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the producing party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the fifteen (15) day period, unless written designations are provided prior to the expiration of that period, the entire transcript shall be deemed non-confidential. A verbal designation on the record that portions of the deposition contain Confidential Information or Highly Confidential Information shall satisfy the "written" designation requirement.

      (b)      Confidential Information or Highly Confidential Information contained in any affidavit, brief, memorandum or other paper filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties consider them to contain Confidential Information or Highly Confidential Information.

(c) Documents produced in discovery that contain Confidential Information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL." Documents produced in discovery that contain Highly Confidential Information shall be designated by conspicuously affixing a legend in the form of "HIGHLY CONFIDENTIAL."

7. Material designated "CONFIDENTIAL," and any summary, description or report containing such information, may be disclosed only to the following persons:

(a) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) independent consultants and experts who are not current employees of any party in this matter and who have been retained by outside counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work, subject to the provisions of paragraph 9(c);

(c) graphics or design services personnel retained by outside counsel for purposes of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this action;

(d) non-technical jury or trial consulting services retained by outside counsel;

(e) document imaging and database services personnel retained by outside counsel, and consultants retained by outside counsel to set up, maintain and/or

operate computer systems, litigation databases or convert data for inclusion in such databases;

(f) the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action:

For Acuity:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

For Cooper:

POTTER ANDERSON & CORROON LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

(g) no more than two (2) designated in-house counsel for each side, as specifically set forth below:

For Acuity:

Barry Goldman
Charles Fails

For Cooper:

Russell Wheatley
Michael Goldstone

   (h) no more than two (2) designated non-lawyer representatives for each side, as specifically set forth below:

  For Acuity:

  George Mcilwraith
  Stephen Lydecker

  For Cooper:

  Daniel Castillo
  Bart Ideker

  8. Material designated "HIGHLY CONFIDENTIAL," and any summary, description or report containing such information, may be disclosed only to those persons described in paragraph 7, sub-paragraphs (a)-(g).

  9. (a) A party may exclude from a deposition any person who is not entitled to have access to Confidential Information or Highly Confidential Information when such Information is the subject of examination.

   (b) No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 7(b)-(d) and(g) and no Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 7(h), until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. The original of each undertaking shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)  Before individuals under subparagraph 7(b) may have access to Confidential Information or Highly Confidential Information, the receiving party must submit to the producing party the signed undertaking as well as the consultant's or expert's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience.  If the producing party does not within five (5) business days from receipt of the undertaking and curriculum vitae object in writing, setting forth the specific grounds for the objection, Confidential Information and Highly Confidential Information may then be disclosed to the consultant or expert.  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the producing party has ten (10) days from receipt of the undertaking to bring a motion to preclude the consultant or expert from viewing the producing party's Confidential Information and Highly Confidential Information.  If the producing party does not bring such a timely motion, the receiving party may disclose Confidential Information and Highly Confidential Information to the consultant or expert.

(d)  Pursuant to subparagraph 9(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

10.  Designations of Confidential Information or Highly Confidential Information shall constitute a representation that such information has been reviewed by an attorney for the producing party and that there is a valid basis for such designation. Confidential Information and Highly Confidential Information shall be maintained by the

receiving party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes set forth herein, and (b) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information to ensure that the confidential nature of the same is maintained.

        11.    The following categories of information should not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the receiving party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligations of confidence to any third party with respect to that information; and (d) any information that after its disclosure in this action is rightfully received by the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is Confidential Information or Highly Confidential Information under the terms of this Order shall be resolved according to the procedure set forth in paragraph 12 hereof.

        12.    If a party disagrees with the designation of any information as Confidential Information or Highly Confidential Information, such party shall first make its

objection known to the producing party and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until there is a determination by the Court, the information at issue shall be treated in accordance with the designation given to it by the producing party. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

13.     During the course of interviewing a potential witness or preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact witness or deponent may be shown Confidential Information or Highly Confidential Information received from another party strictly limited to those documents that on their face reveal that they were authored, sent or received by the witness or deponent outside the context of this litigation. This shall not preclude a producing party from showing documents that it has produced to its own witnesses and deponents, regardless of whether the producing party has designated the document(s) that it produced as Confidential Information or Highly Confidential Information and regardless of whether such person was the author or a recipient of the document.

14.     At the deposition of a third party or current or former employee of a producing party, such third party or current or former employee of a producing party may be

shown documents designated as Confidential Information or Highly Confidential Information if the document was authored by, sent or received by that third party or current or former employee, or provided that the producing party consents to such disclosure.

15.  Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

16.  Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

**[HIGHLY] CONFIDENTIAL –
FILED UNDER SEAL**

17.  The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 16 or any other provision hereof.

18.  Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents

in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

19. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall promptly provide notice to the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that such information has been inadvertently produced, that information shall be returned to counsel for the producing party and the receiving party shall not use such information for any purpose except application to the Court until further Order of the Court. In response to an application to the Court by the receiving party to compel production of such information, the producing party shall submit the documents or testimony at issue to the Court for *in camera* inspection.

20. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

21. Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall be treated by the parties in conformance with this Protective Order.

22. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

23. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information or Highly Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the producing party. If the person seeking access to the Confidential Information or Highly Confidential Information takes action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as precluding production of Confidential Information or Highly Confidential Information covered by this Order in response to a lawful court order.

24. (a) Within sixty (60) days after filing of the final order in this action, all Confidential Information and Highly Confidential Information shall be destroyed by all receiving parties or shall be returned to the producing party. If any receiving party

destroys any such Confidential Information or Highly Confidential Information, that party shall send a letter to the producing party confirming the same.

    (b) Notwithstanding the foregoing, outside counsel of record for each party may maintain in its files one copy of each document filed with the Court containing Confidential Information or Highly Confidential Information, and a copy of all depositions (and exhibits) and any notes or memoranda relating thereto. All such material shall remain subject to the terms of this Order.

    25. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an Order of the Court.

AGREED TO BY:

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Philip A. Rovner* |
| Jack B. Blumenfeld (#1014) | Philip A. Rovner (#3215) |
| Rodger D. Smith II (#3778) | 1313 N. Market Street |
| 1201 N. Market Street | P.O. Box 951 |
| P.O. Box 1347 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 984-6000 |
| (302) 658-9200 | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |

    SO ORDERED this ___ day of _____, 2007.

    _____
    United States Magistrate Judge

1328662

13

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC.,<br>ACUITY BRANDS LIGHTING, INC.,<br>and ABL IP HOLDINGS LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>COOPER LIGHTING, INC.,<br><br>        Defendant. | C.A. No. 07-444-*** |

I, _____, hereby declare that:

        1.     I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

        2.     I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such information by this Order, as applicable.

        3.     Upon final determination of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after sealing of the final order, or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the producing party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the producing party confirming the same.

        4.     I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

2

        5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
        [signature]


_____
        [print or type name]

Title:
Business Affiliation:
Address:
Phone:

2