IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACUITY BRANDS, INC.,                      )
ACUITY BRANDS LIGHTING, INC.,             )
and ABL IP HOLDING LLC,                   )
                                          )
                    Plaintiffs,           )        C.A. No. 07-444 (GMS)
                                          )
        v.                                )
                                          )
COOPER LIGHTING, INC.,                    )
                                          )
                    Defendant.            )

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 is being

served upon Ecolite Manufacturing Company, 9919 East Montgomery Dr., Spokane Valley, WA

99211.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Benjamin J. Schladweiler*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
bschladweiler@mnat.com
*Attorneys for Plaintiffs Acuity Brands, Inc.*
*and Acuity Brands Lighting, Inc.*

February 7, 2008

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WASHINGTON

Acuity Brands, Inc.,
Acuity Brands Lighting, Inc., and
ABL IP Holding LLC,

Plaintiffs,

v.

Cooper Lighting, Inc.,

Defendant.

**SUBPOENA IN A CIVIL CASE**

Civil Action No: 07-444 (GMS)
Pending in the United States District Court
for the District of Delaware

TO:  Ecolite Manufacturing Company
9919 East Montgomery Dr.
Spokane Valley, WA 99211

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: | |
| PLACE OF DEPOSITION | DATE AND TIME |
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A | |
| PLACE<br><br>North West Legal Support<br>921 N. Adams Street, Suite B<br>Spokane, WA 99201 | DATE AND TIME<br><br>March 7, 2008<br>9:00 a.m. |
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br><br>Attorney for Plaintiffs | DATE<br><br><br>February 7, 2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Benjamin J. Schladweiler<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE  19899 | TELEPHONE<br>(302) 658-9200 |

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |

SERVED

| Date | Place |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A

<u>DEFINITIONS</u>

1.      "Acuity" means plaintiffs Acuity Brands, Inc., Acuity Brands Lighting Inc., and ABL IP Holding LLC and includes any and all of their predecessors, parents, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

2.      "Cooper" means defendant Cooper Lighting, Inc. and includes any and all of its predecessors, parents, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

3.      "Ecolite" means Ecolite Manufacturing Company and includes any and all of its predecessors, parents, subsidiaries, divisions, affiliates, and affiliated entities, as well as the officers, directors, agents, employees, and representatives of the foregoing.

4.      "Cooper's *accord*™ series of light fixtures" means the light fixtures sold by Cooper under the *accord*™ name and all previous designs and prototypes thereof.

5.      "Acuity's RT5™ series of light fixtures" means the light fixtures sold by Acuity under the RT5™ name and all previous designs and prototypes thereof.

6.      "Patents-in-suit" means U.S. Patent No. 7,229,192 B2; U.S. Patent No. D544,993; U.S. Patent No. D545,991; U.S. Patent No. D541,467; U.S. Patent No. D541,468; U.S. Patent No. D544,633; U.S. Patent No. D544,992; U.S. Patent No. D545,481; and U.S. Patent No. D545,483.

7.      "Related patents or applications" means each patent or application to which any patent-in-suit claims priority, or that claims priority to any of the patents-in-suit, or that claims priority to the same patents and applications to which any patent-in-suit claims priority, including any continuations, continuations-in-part, divisions, re-examinations, reissues,

and any other patents or applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the patents-in-suit.

8.    "Document" is used as defined in Fed. R. Civ. P. 34(a), and includes computer-based or other digital information, as well as electronically stored information.

9.    "Thing" means any physical specimen or tangible item in Cooper's possession, custody, or control.

10.    "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

<u>DOCUMENT REQUESTS</u>

1.    All documents and things concerning Cooper's *accord*™ series of light fixtures.

2.    All documents and things concerning research and development of Cooper's *accord*™ series of light fixtures.

3.    All documents and things concerning the design of Cooper's *accord*™ series of light fixtures.

4.    All documents and things concerning the operation of Cooper's *accord*™ series of light fixtures.

5.    All documents and things concerning the performance of Cooper's *accord*™ series of light fixtures.

6.    All documents and things concerning any design modifications made to Cooper's *accord*™ series of light fixtures from its initial design, prototype or development to the present.

7.     All documents and things concerning engineering change notices concerning Cooper's *accord*™ series of light fixtures.

8.     All documents and things concerning any actual or proposed agreement or contract between Cooper and Ecolite concerning Cooper's *accord*™ series of light fixtures.

9.     All documents and things concerning Acuity's RT5™ series of light fixtures.

10.    All documents and things concerning the patents-in-suit, the patent applications that led to the patents-in-suit, and any related patents or applications.

11.    All documents and things concerning any communications between Ecolite and Cooper concerning Cooper's *accord*™ series of light fixtures.

12.    All documents and things concerning any communications between Ecolite and Cooper concerning Acuity's RT5™ series of light fixtures.

13.    All documents and things concerning any communications between Ecolite and Cooper concerning the patents-in-suit, the patent applications that led to the patents-in-suit, and any related patents or applications.

14.    All documents and things concerning any comparison of Cooper's *accord*™ series of light fixtures and Acuity's RT5™ series of light fixtures.

15.    All documents and things concerning the design specifications for Cooper's *accord*™ series of light fixtures.

16.    All documents and things concerning test procedures, tests, analyses, or studies with respect to Cooper's *accord*™ series of light fixtures.

17.    All documents and things concerning the bill of materials for Cooper's *accord*™ series of light fixtures.

3

18.     All documents and things concerning engineering documents for Cooper's *accord*™ series of light fixtures.

19.     All documents and things concerning mechanical drawings, assembly drawings and assembly procedures for Cooper's *accord*™ series of light fixtures.

20.     All documents and things concerning any patent or patent application relating to Cooper's *accord*™ series of light fixtures.

21.     All documents and things concerning invention records, invention disclosure documents, inventor notebooks, or similar documents concerning an invention, potential invention, or development for consideration as subject matter for a patent application, concerning Cooper's *accord*™ series of light fixtures.

22.     All documents and things concerning any failure of, or problems with Cooper's *accord*™ series of light fixtures.

23.     All documents and things concerning Cooper's decision to design, develop, manufacture, and sell the *accord*™ series of light fixtures, including but not limited to research plans, business plans, marketing plans, proposals, or presentations to Ecolite's or Cooper's management.

24.     All documents and things concerning the commercialization, plans for commercialization, launch, or plans for launch of Cooper's *accord*™ series of light fixtures, including but not limited to feasibility studies, marketing plans, marketing forecasts or projections or reports of market share.

25.     All documents and things concerning product proposals, product descriptions, drawings, specifications, product evaluations, test reports, analyses, and technical documents concerning Cooper's *accord*™ series of light fixtures.

26.     All documents and things concerning the marketing, promotion, sales or distribution of Cooper's *accord*™ series of light fixtures.

27.     All documents and things concerning competition between Acuity's RT5™ series of light fixtures and Cooper's *accord*™ series of light fixtures.

28.     All documents and things concerning bids or proposals to Cooper's customers or potential customers involving Cooper's *accord*™ series of light fixtures or Acuity's RT5™ series of light fixtures.

29.     Documents sufficient to show all costs, fixed and variable, including raw material costs, associated with sales of Cooper's *accord*™ series of light fixtures.

1381803

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on February 7, 2008, I caused the

foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which

will send notification of such filing(s) to the following:

**Philip A. Rovner, Esquire**
POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on February 7, 2008, upon the

following in the manner indicated:

### BY EMAIL AND HAND DELIVERY

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com

### BY EMAIL

David S. Foster, Esquire
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL  60606
david.foster@lw.com

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
bschladweiler@mnat.com
*Attorneys for Plaintiffs*