IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS, INC., <br> ACUITY BRANDS LIGHTING, INC., <br> and ABL IP HOLDING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COOPER LIGHTING, INC., <br><br> Defendant. | ) <br> ) <br> )    C.A. No. 07-444-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF SUBPOENA DIRECTED TO TOM HUNTER

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Cooper Lighting, Inc. has served a subpoena on Tom Hunter ("Hunter"), in the form appended hereto. Hunter is commanded to produce, on May 27, 2008, the documents described in Exhibit A to the subpoena.

OF COUNSEL:

David S. Foster
Kevin C. May
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: May 13, 2008
864239

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (# 3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Cooper Lighting, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Acuity Brands, Inc., Acuity Brands Lighting, Inc., and ABL IP Holding LLC, <br><br>  Plaintiffs, <br><br> v. <br><br> Cooper Lighting, Inc., <br><br> Defendant. | **SUBPOENA IN A CIVIL CASE** <br><br> Civil Action No. 07-444-GMS <br> Pending in the United States District Court for the District of Delaware |

TO: Tom Hunter
c/o Rodger D. Smith, II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899

  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See* **Exhibit A, attached hereto.**

| PLACE <br> Latham & Watkins LLP <br> 233 South Wacker Drive <br> Suite 5800 <br> Chicago, IL 60606 | DATE AND TIME <br><br> May 27, 2008 <br> 9:00 a.m. |
|---|---|

  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br><br> *[signature]* <br> Attorney for Defendant | DATE <br><br> May 6, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin C. May
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
Tel: (312) 876-7700
Fax: (312) 993-9767

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

For purposes of the below Requests, the "Patents-in-Suit" shall mean U.S. Patent No. 7,229,192; U.S. Patent No. D541,467; U.S. Patent No. D541,468; U.S. Patent No. D544,633; U.S. Patent No. D544,992; U.S. Patent No. D544,993; U.S. Patent No. D545,481; U.S. Patent No. D545,483; and U.S. Patent No. D545,991.

## REQUESTS

1. All documents and things relating to the Patents-in-Suit.

2. All documents and things relating to the subject matter claimed in the Patents-in-Suit, including without limitation all documents relating to the conception, reduction to practice, research or development of the subject matter claimed in the Patents-in-Suit.

3. All documents and things relating to the preparation, filing and/or prosecution of the Patents-in-Suit or their foreign counterparts or any continuation, continuation-in-part, divisional or other application claiming priority to a parent application of any of the Patents-in-Suit.

4. All documents and things relating to any prior art to the Patents-in-Suit, including without limitation any documents dated or published prior to October 21, 2004, which depict, describe or relate to any aspect or feature of the subject matter claimed in the Patents-in-Suit.

5. All documents and things relating to the (a) first use by others in the United States, (b) first disclosure to others in the United States, (c) first offer for sale in the United States, or (d) first sale in the United States, of the subject matter claimed in the Patents-in-Suit.

6. All documents and things relating to (a) the meaning or scope of any of the claims in the Patents-in-Suit; (b) the infringement or alleged infringement of any of the claims in the Patents-in-Suit; (c) the validity or invalidity of any of the claims in the Patents-in-Suit; (d) the enforceability or unenforceability of any of the claims in the Patents-in-Suit.

7. All documents and things relating to Cooper Lighting, Inc.'s accord™ series of recessed light fixtures.

8. All documents and things relating to Acuity Brands, Inc.'s Lithonia Lighting RT5™ series of recessed light fixtures.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 13, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

BY HAND DELIVERY AND E-MAIL

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com