IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACUITY BRANDS, INC. and )
ACUITY BRANDS LIGHTING, INC., )
                                       )
            Plaintiffs, )
                                       )
      v. )            C.A. No. 07-444-GMS
                                       )
COOPER INDUSTRIES, INC. and )
COOPER LIGHTING, INC., )
                                       )
            Defendants. )

## MEMORANDUM

### I.    INTRODUCTION

On July 17, 2007, plaintiffs Acuity Brands, Inc. and Acuity Brands Lighting, Inc. (collectively, "Acuity") filed the instant action against Cooper Lighting, Inc. and Cooper Industries, Inc. (collectively, "Cooper"). Acuity alleges that Cooper's "accord$^{TM}$" series of light fixtures infringe United States Patent Nos. 7,229,192, D541,468, D544,633, D544,634, D544,992, D544,993, D545,481, D545,482, D545,483, D545,991, D545,992, and D545,993. Cooper now moves to transfer this case to the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a). For the following reasons, the court will deny Cooper's motion.

### II.    DISCUSSION

Pursuant to Section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The burden to establish the need to transfer rests on the moving party, and the "plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003)

(quoting *Jumara v. State Farm Inc. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).  In other words, "unless the balance of convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum should prevail."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.  This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interest of justice, but all relevant factors, including many variants of the private and public interests. *Id.* at 875.  The private interests include the plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as  indicated by their physical and financial condition, the convenience of the expected witnesses, but only to  the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records, but only to the extent that they could not be produced in the alternative forum.[1] *Id.* at 879.  Among the relevant public interests include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive;  the relative administrative difficulty in the two fora resulting from court congestion;  [and] the local interest in deciding local controversies at home, the public policies of the fora.  *Id.*, at 879-80.

As an initial matter, the court notes that this case could have been brought in the Northern District of Georgia.  Any federal district court possesses subject matter jurisdiction over federal patent law claims such as those at issue in the present action.  28 U.S.C. §§ 1331 and 1338.

---

[1] The first three of these private interest factors collapse into other portions of the *Jumara* analysis.  Thus, the court will consider them in the context of the entire inquiry only.  *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

Furthermore, any civil action for patent infringement may be brought in the judicial district where the defendant resides or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400. Thus, venue is proper in the Northern District of Georgia because the defendant has its principal place of business in the state of Georgia.

Having determined that Acuity could have properly brought this action in the Northern District of Georgia, the court now considers whether Cooper has met its burden of demonstrating that transfer is appropriate. Cooper first contends that there is no meaningful connection between the present case and Delaware other than both parties being incorporated here. Cooper further asserts, with citation to caselaw for support, that incorporation in Delaware should not prevent transfer if incorporation is the only connection with the forum, and the alternative forum is more convenient and has more substantial connection with the litigation. This court rejects such a proposition.

The court notes initially that Delaware is Acuity's "home turf," and this fact alone sufficiently supports a finding that Acuity's choice of this forum is proper and should be accorded a paramount consideration in any determination of a transfer request. *See Shutte*, 431 F.2d at 25. Thus, Acuity's choice of forum should not be lightly disturbed. *Truth Hardware Corp.*, 2003 WL 118005, at *1. The court further notes that Cooper is also incorporated in Delaware, and Delaware clearly has a substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware corporations. *Amgen, Inc. v. Ariad Pharm., Inc.*, 513 F. Supp.2d 34, 46 (D. Del. 2007). Having received the benefits of Delaware incorporation, a defendant cannot now complain that another corporation has chosen to sue it here. *Auto. Tech. Int'l, Inc. v. Am. Honda Motor Co., Inc.*, C.A. No. 06-187 GMS, 2006 WL 3783477, at *2 (D. Del. Dec. 21, 2006). Additionally, as

Acuity points out, this action is factually distinguishable from the cases cited by Cooper in support of its proposition that incorporation in Delaware should not prevent transfer if it is the only connections to Delaware.[2]  In those cases, the court found that transfer was appropriate, because at least one related litigation was pending in the transferee forum.  Here, the court is not aware of a single patent in this lawsuit that is asserted in any action in the Northern District of Georgia.

Cooper further contends that transfer would be more convenient for both parties, as well as the third-party witnesses.  Essentially, Cooper contends that all of the appropriate parties to this case reside in the Northern District of Georgia, all the party-employees likely involved in this litigation are located in Georgia, and a number of potential third-party witnesses in this case also reside in Georgia.  (D.I. 12 at 10-11.)  Cooper further contends that  the documents related to the accused product are located in Georgia, and Acuity's documents are also likely located in Georgia because Acuity is headquartered in Georgia.  (D.I. 12 at 12.)  The court is not persuaded by Cooper's argument.

First, as already noted, Acuity has a rational and legitimate reason for choosing this forum.  Thus, even if it would be more convenient for Acuity to litigate in Georgia, its choice of forum should not be lightly disturbed.  As for the convenience to the witnesses, it is only relevant to the

---

[2] To support its proposition, Cooper cites *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393 (D. Del. 2002), *Weisler v. Burrows*, C.A. No. 06-362-GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006), and *Alloc, Inc. v. Unilin Décor*, C.A. No. 03-253-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006) in its motion to transfer opening brief.  (D.I. 12 at 9.) Cooper further cites *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505 (D. Del.1999), *Arrow Commc'n Lab., Inc. v. John Mezzalingua Assoc.*, No. Civ. 05-357-SLR, 2005 WL 2786691 (D. Del. October 26, 2005), *Affymetrix, Inc.*, 28 F. Supp. 2d 192, *Nilssen v. Osram Sylvania, Inc.*, No. Civ. A. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001), and *Sherwood Med. Co. v. IVAC Med. Sys., Inc.*, C.A. No. 96-305 MMS, 1996 WL 700261 (D. Del. Nov. 25, 1996) in its reply brief on the motion.  (D.I. 21 at 3.)

extent that they would be unavailable for trial in the forum. *Jumara*, 55 F.3d at 879. The party-witnesses such as employees are presumed willing to testify at trial and thus, are not part of the analysis of this factor. *Nice Sys., Inc. v. Witness Sys., Inc.*, No. CIV A 06-311-JJF, 2006 WL 2946179, at *2 (D. Del. Oct. 12, 2006). Further, while it is true that none of the potential third-party witnesses identified by Cooper appear to reside in Delaware, Cooper fails to demonstrate that these witnesses will be either unable or unwilling to travel to Delaware. Finally, as this court has previously held, a flight to Delaware is not an onerous task warranting transfer. *Auto. Tech. Int'l, Inc.,* 2006 WL 3783477, at *2. Accordingly, the court concludes that the convenience of the witnesses does not favor transfer in this case.

The court also finds that the location of relevant documents weighs against granting Cooper's motion to transfer. A court should consider the location of books and records in its analysis only to the extent that the files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879. Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial. *Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*, No. Civ. 05-816-SLR, 2006 WL 1653143, at *3 (D. Del. June 15, 2006). The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant, are not overly burdensome. *Id.* Here, Cooper does not contend that the relevant documents could not be produced in Delaware. Rather, Cooper acknowledges that today's modern technology allows for the easy exchange of electronic discovery. (D.I. 12 at 12.) Accordingly, this factor does not weigh in favor of granting a transfer.

Finally, Cooper argues that public interest factors favor a transfer because litigating in the transferee forum would be easier, more expeditious, and inexpensive for both parties, the Northern District of Georgia has a significantly greater interest in the outcome of the case, and the Northern District of Georgia has a comparable docket to the District of Delaware. (D.I. 12 at 13.) Again, the court does not find these arguments persuasive. First, as already discussed, the location of the appropriate parties and relevant records and documents does not weigh in favor of a transfer. Second, it is well settled that patent rights are not considered state or local matters and do not implicate local interests. *Jones Pharma, Inc. v. KV Pharm. Co.*, No. Civ. A. 03-786 JJF, 2004 WL 323109, at *3 (D. Del. Feb. 17, 2004). The court, therefore, finds no strong local interest in litigating in the transferee forum. Third, as conceded by Cooper, the transferee forum has a comparable docket as that of the District of Delaware. Accordingly, the court finds that the public interest factors do not weigh strongly in favor of transfer to Georgia.

## III.    CONCLUSION

Because Delaware is a proper forum for Acuity to bring this action, Acuity's choice of the forum should not be lightly disturbed. Here, the multi-factor balance of convenience does not favor a transfer to the Northern District of Georgia, because both Acuity and Cooper are incorporated in Delaware, no other related litigation is currently pending in the transferee forum, Cooper has made no showing that third-party witnesses would be unavailable for trial in Delaware, the relevant records and documents could be easily produced in Delaware, and patent rights are not considered state or local matter and do not implicate local interests. It may be inconvenient for Cooper to litigate in Delaware. Nonetheless, such inconvenience cannot be strongly weighed in favor of a transfer of the action out of Acuity's rightfully chosen forum. "There is nothing . . . in the language

6

or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." *Van Dusen v. Barrack*, 376 U.S. 612, 633-634 (1964).  In view of the foregoing, Cooper's motion to transfer is denied.

Dated: July 31, 2008                        /s/ Gregory M. Sleet
                                            CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACUITY BRANDS, INC. and       )
ACUITY BRANDS LIGHTING, INC.,  )
                               )
        Plaintiffs,        )
                               )
      v.             )    C.A. No. 07-444-GMS
                               )
COOPER INDUSTRIES, INC. and   )
COOPER LIGHTING, INC.,      )
                               )
        Defendants.     )

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.     The defendants' Motion to Transfer this case to the United States District Court

for the Northern District of Georgia (D.I. 11) is DENIED.

Dated: July 31, 2008           /s/ Gregory M. Sleet                  
                                    CHIEF, UNITED STATES DISTRICT JUDGE